**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

## **ORDER**

AND NOW, this ___ day of _____, 2006, upon consideration of defendant Ashley Harrison's motion to quash indictment and any response thereto, it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vi. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

### DEFENDANT ASHLEY HARRISON'S MOTION TO QUASH INDICTMENT

For the reasons set forth in the accompanying memorandum, defendant Ashley Harrison respectfully requests that the Court enter the attached form of order quashing indictment.

Respectfully submitted,

_____
Johanna E. Markind, Esquire

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vii. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT ASHLEY HARRISON'S MOTION TO QUASH INDICTMENT**

FACTS

Defendant Ashley Harrison has been charged with violating 21 U.S.C. § 846 for allegedly conspiring to violate 21 U.S.C. § 841, and with violating 18 U.S.C. § 2.

The indictment against her contains the following allegations against her:

1.      From in and around November, 2005, through in or around April, 2006, WILLIE BROWN engaged in the distribution of more than 50 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack", in and around Dover, Delaware. MARK TATMAN, MARTY EATON a/k/a "Dmx", CRAIG DURHAM, and JOHN DOE, a/k/a "Auk", participated in this enterprise by distributing crack cocaine on BROWN's behalf. ASHLEY N. HARRISON a/k/a/ "Nikki" made her Dover residence available to BROWN for use as a location where some sales to BROWN's customers were made. BRITTNEY ROBINSON used her apartment to secrete drugs for BROWN, and acted as a courier for BROWN.

2.      From in or about November 2005 through in or about April 2006, in the State and District of Delaware, WILLIE BROWN, MARK TATMAN, MARTY EATON a/k/a "Dmx", CRAIG DURHAM, JOHN DOE, a/k/a "Auk", ASHLEY HARRISON a/k/a "Nikki" and BRITTNEY ROBINSON, defendants herein, did knowingly conspire together and with each other, and with other persons known and unknown to the Grand Jury, to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).
        All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

These are the *only* references to Harrison in the indictment.

<u>ARGUMENT</u>

    a.    <u>The indictment violates Harrison's Fifth Amendment right to due process of law and the right to be indicted by a grand jury in that it alleges no specific facts, only legal conclusions.</u>

The Fifth Amendment states as follows:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury….

In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court held that an indictment that did not clearly identify the subject under inquiry violated this Fifth Amendment guaranty. The violation could not be remedied even if the accused were later supplied with more detailed information.

> A grand jury, in order to make that ultimate determination [whether a person should be held to answer in a criminal trial] must necessarily determine what the question under inquiry was. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Russell*, 369 U.S. at 770.

The indictment in the current case alleged no specific conduct by Harrison. Instead, it paraphrases two separate criminal statutes. As stated above, paragraph 1 alleges the following against Harrison:

> ASHLEY N. HARRISON a/k/a/ "Nikki" made her Dover residence available to BROWN for use as a location where some sales to BROWN's customers were made.

Essentially, this is a paraphrase of Section 856:

> [I]t shall be unlawful to –
> Manage or control any building, room, or enclosure… as a[] lessee….and knowingly and intentionally …make available for use, with or without compensation, the building, room, or enclosure for the purpose of unlawfully…distributing…a controlled substance.

21 U.S.C. § 856.

Paragraph 2 states:

> From in or about November 2005 through in or about April 2006, in the State and District of Delaware, WILLIE BROWN, MARK TATMAN, MARTY EATON a/k/a "Dmx", CRAIG DURHAM, JOHN DOE, a/k/a "Auk", ASHLEY HARRISON a/k/a "Nikki" and BRITTNEY ROBINSON, defendants herein, did knowingly conspire together and with each other, and with other persons known and unknown to the Grand Jury, to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).
> All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

This is simply an assertion that Harrison violated Section 846 by conspiring to violate Section 841, which makes it a crime to "distribute…a controlled substance."

The indictment might just as well say, 'Between November 2005 and April 2006, Harrison committed the crime of such-and-such.' It did not state any facts capable of supporting those charges. *From the text, there is absolutely no way of knowing the factual basis upon which the grand jury authorized petitioner's indictment.*

On the contrary, the only specific, dated factual references (to November 30, 2005, December 7, 2005, March 16, 2006, and March 30, 2006) found in the indictment do NOT mention Harrison. Notably, the government referenced *none* of these dated incidents during the May 8 detention hearing in this matter. Nor has the government produced any discovery since that time connecting those dates to any alleged conduct by defendant Harrison. There is thus every reason to believe that the evidence to be presented at trial is not the evidence presented to the grand jury.

Allowing the case to go forward against Harrison on the basis of this indictment would, as the Supreme Court held in *Russell*, "allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment," and

that "would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure."

        b.     <u>The indictment at best alleges a violation of 856, not of conspiracy to violate 841.</u>

"[T]he law is settled that 'However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment. . . . Specific terms prevail over the general in the same or another statute which otherwise might be controlling.'" *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228-29 (1957) (*citations omitted*). *See also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general") (*quoted in Doe v. National Board of Medical Examiners*, 199 F.3d 146 (3rd Cir. 1999)).

The government has charged Harrison with conspiring to violate Section 841 by alleging a violation of Section 856, *i.e.*, it has charged Harrison with conspiring to distribute drugs by virtue of allegedly letting other defendants use her home to sell drugs. Relevant portions of both statutes are quoted above. Section 856 prohibits letting one's home be used to sell drugs. Section 841 prohibits one to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

These differences are not trivial. A Section 841 violation carries a mandatory minimum sentence of 10 years. 21 U.S.C. § 841(b)(1)(A). By contrast, a Section 856 offense has no mandatory minimum. It would at be odd indeed to suppose that Congress intended a violation of Section 856 to be sufficient, in and of itself, to establish a violation of Section 841, which has a far different sentencing scheme.

Fortunately, rules of statutory construction preclude reaching this absurd result. Section 856 is clearly more specific than section 841, and thus is controlling. The alleged violation of

4

Section 856 is not sufficient to allege a Section 841 violation (or, rather, conspiracy to commit a Section 841 violation).

    THEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court enter the attached form of Order quashing the indictment as against Ashley Harrison.

                                    Respectfully submitted,

                                    _____

                                    Johanna E. Markind, Esquire

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date I served a copy of the foregoing motion and supporting memorandum upon the following persons by United States first class mail, postage pre-paid, to:

    Douglas E. McCann, Esquire (AUSA)
    U. S. Attorney's Office
    The Nemours Building
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, DE  19899

Date: July 28, 2006

                                                        Johanna E. Markind, Esquire
                                                        1500 Walnut Street – Suite 1100
                                                        Philadelphia, PA   19102
                                                        (215) 546-2212