IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

### DEFENDANT ASHLEY HARRISON'S MOTION UNDER RULE 16(d)

Defendant, Ashley Harrison, by and through her counsel, Johanna E. Markind, Esquire, hereby moves this Honorable Court to require production of requested documents and information.

In support of this motion the defense submits as follows:

1. Defendant Ashley Harrison has been indicted for allegedly violating 21 U.S.C. § 846 by conspiring to violate 21 U.S.C. § 841, and for violating 18 U.S.C. § 2.

2. On or about May 12, 2006, defendant forwarded discovery requests to the Government. Copies of this letter and a follow-up letter sent July 27, 2006, are attached as Exhibits "A" and "B", respectively.

3. Some of the requested items have been produced, but several have not. The latter include, but are not limited to:

    a. Any and all original notes pertaining to any reports referencing defendant Harrison.

    b. Any documentation or information concerning allegations about Harrison's conduct on February 21, February 24, and March 1, 2006, particularly those which formed the investigative background for the affidavits of Jeffrey Dunn referencing same. This includes not only investigative reports, but original notes of same, and copies of any relevant taped conversations and transcripts of same. In particular, the

        Dunn affidavit refers to a telephone conversation on February 24, 2006, between Harrison and defendant Willie Brown.

    c.    Any and all investigative material, including but not limited to investigative reports, original notes, tape, and transcripts of the second conversation between Harrison and Brown referenced in ¶3 on the document Bates stamped 00000157.

    d.    The identity of confidential sources referenced in produced documents as making allegations against defendant Harrison. These include a "CI" referenced on the document Bates stamped 00000036 and a "SOI-2" on PO-00000018.

    e.    Any and all "*Jencks*" material, including but not limited to transcripts of any grand jury testimony pertinent to the Government's case against Harrison.

4.    In addition to the above information which has definitely not been disclosed, defendant has requested certain information and does not know for certain whether it has all been produced. This includes, in particular, "*Brady*" material as referenced at item 11 on the May 12 letter (Exhibit "A").

5.    Defendant needs all requested discovery as soon as possible in order to prepare adequately for trial.

6.    Rule 16(d) of the Federal Rules of Criminal Procedure authorizes the Court to issue appropriate orders compelling discovery.

WHEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court enter the attached form of Order requiring the Government to turn over all requested materials within seven (7) days of the date of this Order.

        Respectfully submitted,

        _____
        Johanna E. Markind, Esquire

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a copy of the foregoing motion upon the following persons by United States first class mail, postage pre-paid, to:

> Douglas E. McCann, Esquire (AUSA)
> U. S. Attorney's Office
> The Nemours Building
> 1007 Orange Street, Suite 700
> P.O. Box 2046
> Wilmington, DE 19899

Date: <u>July 29, 2006</u>

                                               _____
                                               Johanna E. Markind, Esquire
                                               1500 Walnut Street – Suite 1100
                                               Philadelphia, PA 19102
                                               (215) 546-2212

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

## **ORDER**

AND NOW, this ___ day of _____, 2006, upon consideration of defendant Ashley Harrison's Rule 16(d) motion and any response thereto, it is hereby ORDERED that the motion is GRANTED. The Government shall produce all requested information within seven (7) days of the date of this Order.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.

LAW OFFICES OF
# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@att.net

REPLY TO: PHILADELPHIA

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

\* Members - Pennsylvania, New Jersey and New York Bars
JOHANNA E. MARKIND°
° Member - Pennsylvania and New Jersey Bars

May 12, 2006

Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

    RE:    UNITED STATES v. ASHLEY HARRISON
            CRIM. NO. 06-50

Dear Mr. McCann:

      On behalf of defendant Ashley Harrison, I make the following initial discovery requests under Rule 16 and the Fifth and Sixth Amendments to the Constitution.

      As used herein, "document" is an all inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes but is not limited to notes, memoranda, reports, recordings, photographs, e-mails, correspondence, telegrams, drawings, diagrams, tables, graphs, charts, maps, films, computer files, and data.

      I wish to inspect and copy the following materials in the possession, custody or control of the government, whose existence is known or by due diligence may become known to you or other government agents, including but not limited to personnel of the Drug Enforcement Agency ("DEA") and the United States Federal Bureau of Investigation ("FBI"), as follows:

      1.    Any written or recorded statements by Ashley Harrison relevant to the indictment.

      2.    The substance of any oral statements relevant to the indictment made by the defendant before or after the indictment in response to interrogation by any person then known to be a government agent.

      3.    Any statement, admission or confession relating to the charges in this case made by Ashley Harrison to government attorneys or investigators, including but not limited to representatives of the DEA and FBI. *See* Rule 16(a)(1)(A). I include herein any statement or admission incorporated into

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 2

any report or recording prepared by any of the government agents described above or any person working with such agents. Also included in this request are any telephone recordings or notes of any meetings or phone conversations between Ashley Harrison, or anyone acting or purportedly acting on her behalf, and any government agent as described above. This request also encompasses statements by Ms. Harrison to third persons who later related such statements to government agents. I also request copies of any grand jury testimony which includes such statements.

      4.      Any relevant oral statement made by the defendant before or after indictment in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

      5.      A copy of the criminal record of the defendant, to the extent that it has not already been produced.

      6.      All documents and other mechanically reproduced, stored and recorded data obtained from or belonging to any defendant. This request includes any documents obtained from or the property of any employee or professional consultant, attorney, or phone (including cell phone) service provider of any defendant.

      7.      All documents and tangible objects, including photographs, videotapes, and audiotapes, which the government intends to use in its case in chief at trial, including not only those documents intended to be offered in evidence, but those which will be relied on or referred to in any way by witnesses called by the government during its case in chief. *See United States v. Givens*, 767 F.2d 574, 583 (9th Cir. 1985). Please separately identify those documents intended to be used or relied upon or referred to in your case in chief.

      8.      All reports of scientific tests or experiments conducted in connection with the investigation of the charges contained in the indictment.

      9.      All documents which are material to the preparation of the defense including but not limited to the following:

            (a)    All documents relating to the defendant or her agent(s) in connection with the conduct and events described in the indictment.

            (b)    All documents relating to the activity of the United States Drug Enforcement Agency with respect to the events described in the indictment and the investigation thereof.

            (c)    All documents relating to the activity of the United States Federal Bureau of Investigation with respect to the events described in the indictment and the investigation thereof.

LAW OFFICES
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 3

    (d)    All documents relating to the alleged use of defendant's Dover residence for the purchase or sale of drugs, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

    (e)    All documents relating to the alleged use of defendant's Dover residence for the storage or distribution of drugs, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

    (f)    All documents relating to the alleged purchase or sale of drugs by defendant Ashley Harrison, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

    (g)    All documents tending in any way to show that defendant knew of, and/or approved of, the use of her Dover residence as a drug sale or distribution locale. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

    10.    All reports of scientific tests or experiments conducted in connection with the investigation of the charges contained in the indictment, including but not limited to any chemical analyses.

    11.    Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *U.S. v. Agurs*, 427 U.S. 97 and *Giglo v. United States*, 405 U.S. 150 (1972), the defendant requests disclosure of all exculpatory material in the possession, custody or control of or otherwise known to the government or which could become known by the exercise of due diligence, including impeaching material as follows:

    (a)    Any documents containing information tending in any way to exculpate any defendant or to contradict or negate, excuse or explain any of the charges in the

LAW OFFICES
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 4

        indictment or mitigate any defendant's participation in the conduct therein described.

(b)     Any and all documents containing information probative of non-participation in the conduct described in the indictment as to any defendant.

(c)     All records revealing prior criminal convictions, guilty verdicts or juvenile adjudications of all government witnesses who may be called at trial.

(d)     All documents or records containing information revealing any misconduct or other activity tending to impeach any witness the government intends to call at trial.

(e)     Any indictments or charges against any potential government witness.

(f)     All documents containing promises of consideration made or given during the investigation of the charges contained in the above-captioned indictment to or for any witness expected or intended to be called at trial, including any consideration which might arguably be of value to such witness or any consideration which might reveal an interest, motive or bias of the witness in favor of the prosecution or against any defendant or which might act as an inducement to any witness to testify favorably to the prosecution.

(g)     All statements by law enforcement officials detrimental to any potential witness.

(h)     All statements or prior testimony concerning the allegations of the indictment by any witness the government intends to or may call at trial, differing in any respect from his/her anticipated testimony.

(i)     All documents containing information relating to any coercion directed at or against any witness intended or expected to be called at trial, including but not limited to any potential criminal prosecution or investigation which could be brought against any such witness, or any probationary, parole, deferred prosecution or custodial status of any such witness, any civil, tax, or administrative or other pending potential dispute or transaction involving such witness and any state government or the federal government over which the federal government has any real or apparent influence including debarment from participation in any program.

(j)     All requests, demands or complaints made to the government by any witness which could arguably evidence any expectation or hope on the part of the witness for any favorable governmental action toward him or her.

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 5

 (k) All material not otherwise described in this letter which contains information reflecting or evidencing any motivation to cooperate with the government or any bias against any defendant on the part of any potential government witness.

 (l) The existence and identification of all proceedings, including any criminal cases involving any witness, unindicted co-conspirator or any other person who is a potential prosecution witness.

 (m) All documents, including grand jury testimony by any potential government witness, which the government believes to be false or has any reason to believe to be false.

 (n) Any documents showing former testimony of any potential government witness in the capacity of an informer, accomplice, co-conspirator or expert, who has testified before any tribunal known to the government.

 (o) Any documents containing statements by potential prosecution witnesses which are in any way inconsistent with or different from any prior testimony of any such person or inconsistent with any statement made by such person.

 (p) All requests prepared by the prosecution for permission to grant immunity or leniency to any witness and any documents relating to action upon such requests.

 (q) Any and all records containing information which could be helpful or useful to the defense in impeaching or otherwise diminishing the credibility or probative force of the prosecution's evidence.

 (r) With respect to any non-witness whose statements the government expects to introduce in evidence, provide the same information requested in subparagraphs "a" through "q".

 (s) Any notes or memoranda of any government attorney containing or relating to exculpatory information concerning any defendant and any exculpatory information presented to the grand jury.

 (t) Documents showing the identity or whereabouts of all persons known to the prosecution, or who may become known by the exercise of reasonable diligence, who possess information relevant to the indictment and whom the government does not intend to call as witnesses at trial.

 (u) All records of governmental agencies reflecting any disciplinary action taken against any governmental official or employee who is expected to testify.

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 6

12. All recorded conversations (including transcriptions thereof) whether electronic, mechanical or stenographic of any person, whether or not acting for the government, relevant to the indictment within the meaning of 18 U.S.C. § 3504.

13. All documents showing whether any evidence obtained by the government resulted from any search, seizure, the use of a beeper or other tracking device, a mail cover or any other kind of electronic surveillance.

14. All documents containing information as to the identity of all persons present during any grand jury proceedings and the capacity in which those persons were present.

15. All documents relating to any prior disclosure of records of grand jury proceedings in this case.

16. All witness statements and memoranda of interviews relating to acts charged in the indictment, including but not limited to statements of any confidential informant.

17. All statements of any alleged co-conspirator proposed to be used by the prosecution under F.R.E. 801(d)(2)(E).

18. All evidence of uncharged crimes, wrongs, or acts as defined in Rule 404(b) proposed to be offered in evidence.

19. I also request that the government advise defendant, under Rule 1006, of the proposed use of any charts, summaries or calculation, and the basis thereof.

I would be grateful if you would advise me of your ability and willingness to comply with my requests.

Very truly yours,

/s/

JOHANNA E. MARKIND

JEM:maj
cc.   Ms. Ashley Harrison

# LAW OFFICES OF
# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@att.net

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

\* Members - Pennsylvania, New Jersey and New York Bars

REPLY TO:  PHILADELPHIA

JOHANNA E. MARKIND°
° Member - Pennsylvania and New Jersey Bars

July 27, 2006

Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899

    RE:    UNITED STATES v. ASHLEY HARRISON
             CRIM. NO. 06-50

Dear Mr. McCann:

      The affidavits of Jeffrey Dunn reference allegations about Harrison's conduct on February 21, February 24, and March 1, 2006.  I found no references to these allegations in any investigative reports produced.  Kindly forward any and all documentation you have of these allegations, including but not limited to original notes and investigative reports.

      Some of the documents produced refer to confidential sources, which are not identified.  These include a reference to "CI" on 00000036 and to "SOI-2" on PO-00000018.  Please note that I will oppose any attempt to introduce testimony by any witnesses who have not been previously identified by name along with relevant criminal records, promises of immunity or leniency, and so forth.

      The notes produced on July 21 (00000157 – 00000158) reference comments my client allegedly made while she was in custody.  Kindly forward a copy of her signed Miranda waiver for these comments.  Also, please produce the officers' original notes for this and any other reports referencing my client.

      Finally, the documents produced to date do not include any grand jury testimony pertinent to her case.  Kindly forward transcripts of same.

                                Very truly yours,

                                  /s/
                              JOHANNA E. MARKIND

JEM:maj
cc.    Ms. Ashley Harrison