IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

### DEFENDANT ASHLEY HARRISON'S MOTION TO SUPPRESS STATEMENTS

Defendant, Ashley Harrison, by and through her counsel, Johanna E. Markind, Esquire, hereby moves this Honorable Court to suppress statements elicited from her by law enforcement officers during her May 4, 2006, transport to the Baylor Women's Correctional Institute in violation of her Fifth and Sixth Amendment rights and *Miranda v. Arizona*, 384 U.S. 436, 475 (1966).

In support of this motion the defense submits as follows:

1. On May 2, 2006, defendant Ashley Harrison was indicted in federal court.

2. On May 4, 2006, Harrison surrendered herself to the Dover Delaware Police Department after having heard there was a warrant for her arrest.

3. Harrison was then transported to the Baylor Women's Correctional Institute in company of TFOs Jason Pires and Marvin Mailey.

4. Harrison was not given *Miranda* warnings and did not sign a *Miranda* waiver prior to or during the transport.

5. During the transport, Pires engaged Harrison in conversation and elicited comments the government believes to be incriminating. Specifically, Pires stated he had

overheard a telephone conversation between Harrison and defendant Willie Brown in which Brown stated that he was "running the house" and "paying the bills." Pires also stated he had heard a conversation between Harrison and Brown in which Harrison expressed concern about a telephone conversation she had had with someone from the management office of her residence, in which the woman from the management office indicated she had received complaints of drug activity at Harrison's residence. Harrison stated that it was she speaking with Brown over the telephone.

6. The Supreme Court has held that the Sixth Amendment right to counsel attaches "at or after the initiation of adversary judicial criminal proceedings -- whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 688-89 (1972). Under the Sixth Amendment, the government is prohibited from deliberately eliciting incriminating evidence from an accused "after he ha[s] been indicted and in the absence of his counsel." *Massiah v. United States*, 377 U.S. 201, 206 (1964).

7. In *Brewer v. Williams*, 430 U.S. 387 (1977), the Supreme Court held that defendant was deprived of his Sixth Amendment right to counsel when police elicited information from him while he was being transported in a police car, without access to counsel.

8. Under this analysis, any statements elicited from Harrison during the May 4 transport are inadmissible. She had already been indicted, and Pires' thinly-veiled interrogation of her while she was confined within a law enforcement vehicle without access to counsel is prohibited by the Sixth Amendment. The case is indistinguishable from *Brewer*.

9. Additionally, Harrison had not waived her *Miranda* rights before the transport interrogation.

10. Harrison's statements were obtained in violation of her Fifth and Sixth

Amendment Rights and without a knowing and intelligent waiver. Harrison contends that the statements made after she turned herself in to the authorities were not knowing and voluntary nor made in compliance with *Miranda v. Arizona*, 384 U.S. 436, 475 (1966).

WHEREFORE, the defense respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence as discussed above.

                Respectfully submitted,

                _____
                Johanna E. Markind, Esquire

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date I served a copy of the foregoing motion upon the following persons by United States first class mail, postage pre-paid, to:

  Douglas E. McCann, Esquire (AUSA)
  U. S. Attorney's Office
  The Nemours Building
  1007 Orange Street, Suite 700
  P.O. Box 2046
  Wilmington, DE  19899


Date: July 28, 2006              _____
                        Johanna E. Markind, Esquire
                        1500 Walnut Street – Suite 1100
                        Philadelphia, PA   19102
                        (215) 546-2212

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

**ORDER**

AND NOW, this ___ day of _____, 2006, upon consideration of defendant Ashley Harrison's motion to suppress and any response thereto, it is hereby ORDERED that the motion is GRANTED. All statements allegedly made by defendant Ashley Harrison during her May 4, 2006, transport to the Baylor Women's Correctional Institute are SUPPRESSED and no mention thereof shall be made at trial.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.