IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

**DEFENDANT ASHLEY HARRISON'S**
**MOTION FOR SEVERANCE AND SEPARATE TRIAL**

Defendant, Ashley Harrison, by and through her counsel, Johanna E. Markind, Esquire, hereby moves this Honorable Court for severance and separate trial and in support thereof states as follows:

1. On May 2, 2006, Harrison was indicted on the charge of violating 21 U.S.C. § 846 by allegedly conspiring to distribute crack cocaine in violation of 21 U.S.C. § 841. She was also charged with aiding and abetting under 18 U.S.C. § 2.

2. As set forth in detail in the defendant's motion to quash indictment, the indictment does not allege that the defendant had any involvement with the actual sale and delivery of crack.

3. The only allegation against her is that she let her home be used to sell crack.

4. There are no allegations of specific misconduct against Harrison. Rather, the only specific, dated factual references found in the indictment – to November 30, 2005, December 7, 2005, March 16, 2006, and March 30, 2006 – refer to all defendants except Harrison and one Brittney Robinson.

5.     There are no allegations that Harrison concealed drugs or other evidence of crime in her home, as the Government alleges against Robinson. The Government did not even bother to obtain a search warrant for Harrison's house.

6.     Based on documents produced in discovery, the Government alleges that Harrison's co-defendants conducted illicit activities outside of her home and the homes of other people in her neighborhood. Although this activity happened outside, and outside of Harrison's control, and there is no allegation that Harrison participated in it or was even present when drugs were allegedly sold, the references to other defendants' conduct there is likely to confuse the jury as to Harrison's actual involvement, as alleged by the Government.

7.     No jury instructions will be able to erase the undue prejudice which such allegations would have upon a jury.

8.     Federal Rule of Criminal Procedure 14 provides that severance of defendants may be granted where a defendant will be prejudiced by a joint trial. Rule 14 states as follows:

> **Rule 14.  Relief from Prejudicial Joinder**
>
> If it appears that a defendant... is prejudiced by a joinder offenses or of defendants in an indictment or information or by such other joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires..."

9.     The decision to grant or deny a defendant's Motion for Severance under Rule 14 rests with the discretion of the trial court after a review of all the factors. Severance is mandated if a jury cannot decide a case against each defendant only on the basis of evidence properly admissible against that defendant. *United States v. Dansker,* 537 F.2d 40 (3rd Cir. 1976).

10.    In light of the clear imbalance concerning the extent of the Government's evidence in the entire case as opposed to the extent of the evidence which will be offered against

defendant Harrison, it is respectfully submitted that defendant will suffer severe prejudice from possible "spill-over" evidence involving the other defendants.

WHEREFORE, defendant respectfully requests this Court exercise its discretion and enter an order severing defendant Harrison's trial from the trial of the co-defendants.

Respectfully submitted,

_____
Johanna E. Markind, Esquire

**CERTIFICATE OF SERVICE**

 I hereby certify that on this date I served a copy of the foregoing motion upon the following persons by United States first class mail, postage pre-paid, to:

  Douglas E. McCann, Esquire (AUSA)
  U. S. Attorney's Office
  The Nemours Building
  1007 Orange Street, Suite 700
  P.O. Box 2046
  Wilmington, DE  19899


Date: July 29, 2006           _____
                   Johanna E. Markind, Esquire
                   1500 Walnut Street – Suite 1100
                   Philadelphia, PA   19102
                   (215) 546-2212

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL NO. 06-50 (GMS) |
| : | |
| : | |
| ASHLEY HARRISON   : | |

## **ORDER**

AND NOW, this ___ day of _____, 2006, upon consideration of defendant Ashley Harrison's motion for severance and separate trial, it is hereby ORDERED that the motion is GRANTED. Defendant Harrison shall be tried separately from her co-defendants in this matter.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.