IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA  :
           :
   v.      :   CRIMINAL NO. 06-50 (GMS)
           :
           :
ASHLEY HARRISON    :

## DEFENDANT ASHLEY HARRISON'S
## SUPPLEMENTAL MOTION UNDER RULE 16(d)

Defendant, Ashley Harrison, by and through her counsel, Johanna E. Markind, Esquire, hereby moves this Honorable Court to require production of requested documents and information.

In support of this motion the defense submits as follows:

1. Defendant Ashley Harrison has been indicted for allegedly violating 21 U.S.C. § 846 by conspiring to violate 21 U.S.C. § 841, and for violating 18 U.S.C. § 2. Essentially, the government has charged Harrison with allowing her house to be used to sell drugs.

2. On or about July 31, 2006, Harrison filed a motion under Rule 16(d) of the Federal Rules of Criminal Procedure. In the motion, Harrison asked the Court to direct the government to produce documents previously requested in discovery that had not yet been turned over. That motion is pending.

3. After Harrison filed the motion, the government notified Harrison that two co-defendants, Mark Tatman and Brittney Robinson, have entered into cooperation plea agreements. Copies of the government's change of plea memoranda are attached (Exhibits "A" and "B", respectively).

4.    By letter dated August 22, 2006, Harrison sent the government a follow-up request asking for copies of any statements made by defendants Tatman and/or Robinson (Exhibit "C").  To date, the government has not responded to this request.

5.    The documents requested herein are also covered by Harrison's original Rule 16 request sent on May 12, 2006 (Exhibit "D").  The request included, but was not limited to, the following:

> 9.    All documents which are material to the preparation of the defense including but not limited to the following:
>
> (a)    All documents relating to the defendant or her agent(s) in connection with the conduct and events described in the indictment.
>
> (d)    All documents relating to the alleged use of defendant's Dover residence for the purchase or sale of drugs, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs.  This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.
>
> (e)    All documents relating to the alleged use of defendant's Dover residence for the storage or distribution of drugs, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs.  This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.
>
> (g)    All documents tending in any way to show that defendant knew of, and/or approved of, the use of her Dover residence as a drug sale or distribution locale.  This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12,

2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

\*        \*        \*

11.    Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *U.S. v. Agurs*, 427 U.S. 97 and *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests disclosure of all exculpatory material in the possession, custody or control of or otherwise known to the government or which could become known by the exercise of due diligence, including impeaching material as follows:

    (a)    Any documents containing information tending in any way to exculpate any defendant or to contradict or negate, excuse or explain any of the charges in the indictment or mitigate any defendant's participation in the conduct therein described.

    (b)    Any and all documents containing information probative of non-participation in the conduct described in the indictment as to any defendant.

    (s)    Any notes or memoranda of any government attorney containing or relating to exculpatory information concerning any defendant and any exculpatory information presented to the grand jury.

\*        \*        \*

16.    All witness statements and memoranda of interviews relating to acts charged in the indictment, including but not limited to statements of any confidential informant.

6.    Based on undersigned counsel's experience with government procedure, it is all but incredible that the government would enter into a cooperation plea agreement with anyone it has not interviewed, or that no interview notes exist of such interviews.

7.    Defendant needs all requested discovery as soon as possible in order to prepare adequately for trial.

8.    Rule 16(d) of the Federal Rules of Criminal Procedure authorizes the Court to issue appropriate orders compelling discovery.

WHEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court enter the attached form of Order requiring the Government to turn over the requested documents within seven (7) days of the date of this Order.

Respectfully submitted,

Johanna E. Markind, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a copy of the foregoing motion upon the

following persons by United States first class mail, postage pre-paid, to:

        Douglas E. McCann, Esquire (AUSA)
        U. S. Attorney's Office
        The Nemours Building
        1007 Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, DE  19899

Date: <u>September 15, 2006</u>

        Johanna E. Markind, Esquire
        1500 Walnut Street – Suite 1100
        Philadelphia, PA   19102
        (215) 546-2212

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

### ORDER

AND NOW, this ___ day of _____, 2006, upon consideration of defendant

Ashley Harrison's supplemental motion under Rule 16(d) of the Federal Rules of Criminal

Procedure, and any response thereto, it is hereby ORDERED that the motion is GRANTED.  The

Government shall produce any and all statements of defendants Mark Tatman and/or Brittney

Robinson, and any and all notes pertaining to statements or interviews of defendants Mark

Tatman and/or Brittney Robinson, within seven (7) days of the date of this Order.

BY THE COURT:


_____

Honorable Gregory M. Sleet, U.S.D.J.



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building                         *(302) 573-6277*
1007 Orange Street, Suite 700            *FAX (302) 573-6220*
P.O. Box 2046
Wilmington, Delaware 19899-2046

August 8, 2006

**BY CM/ECF**

Honorable Gregory M. Sleet
844 King Street
Wilmington, Delaware 19801

    Re:   **United States v. Mark Tatman, Cr. A. No. 06-50-02 GMS**

Dear Judge Sleet:

    Counsel for Defendant Tatman has indicated to the government that the Defendant is prepared to enter a change of plea. I respectfully request that the Court schedule a Rule 11 hearing as soon as the Court's schedule permits. Enclosed is the proposed Memorandum of Plea Agreement for the Court's consideration.

                         Respectfully,

                         COLM F. CONNOLLY
                         United States Attorney

BY:                           
              Douglas E. McCann
              Assistant United States Attorney

Enclosure

cc:  Mark Greenberg, Esquire (By CM/ECF)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-50-02 GMS |
| | ) | |
| MARK TATMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Mark Tatman, by and through his attorney, Mark Greenberg, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I and III of the Indictment. Count I charges the defendant with knowingly conspiring to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846. Count III charges him with distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). The defendant understands that the maximum penalties for Counts I and III are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, for Count I: (1) two or more persons conspired, or agreed, to commit the crime of distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base; and (2) that the defendant knowingly and voluntarily joined the conspiracy; and for Count III: (1) on or about December 7, 2005, the defendant distributed a substance; (2) the substance was cocaine base; (3) the substance weighed more than 50 grams; (4) the defendant acted knowingly, that is, he knew that he was distributing a controlled substance.

3. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

4. The defendant agrees to pay the $200 special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply

2

i: on defendant's behalf to the payment of the outstanding debt ordered.

       5.     The defendant agrees to cooperate fully and truthfully with the

Government as follows:

       a.     The defendant agrees to provide truthful, complete and accurate

information and testimony. The defendant understands that if he testifies

untruthfully in any material way he can be prosecuted for perjury.

       b.     The defendant agrees to provide all information concerning his

knowledge of, and participation in, the subject matter of the Indictment of

which he has knowledge, and any other crimes about which he has

knowledge. The defendant further understands and agrees that (i) all

information and cooperation provided pursuant to this agreement is on the

record; and (ii) all information provided under any prior off-the-record

proffer letter shall be on the record as of the date of the defendant's entry

of a guilty plea.

       c.     The defendant agrees to provide the government with information

concerning any bank accounts in his name or in the name of another in

which sums are deposited by or at the direction of the defendant, and

information about his state and federal taxes in the last seven years,

including his state and federal tax returns. The defendant further agrees to

provide all names, aliases and social security numbers presently or

previously used by him. Defendant understands that his assets, if any

exist, may be subject to civil or criminal forfeiture proceedings.

       d.     The defendant agrees that he will not falsely implicate any person

or entity and he will not protect any person or entity through false

3

information or omission.

e.      The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.      The defendant agrees to hold himself reasonably available for any interviews as the government may require.

g.      The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

h.      The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.      To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.      The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided

4

by the defendant during the course of his cooperation, and this information

may be used as evidence against him.  Moreover, the defendant's

previously entered guilty plea will stand and cannot be withdrawn by him.

6.    If the government in its sole discretion determines that the defendant has

fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the

government will:

a.    Make the nature and extent of the defendant's cooperation known

to the Court.

b.    Make a motion to allow the Court to depart from the Sentencing

Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C.

§3553(e), only if the government, in its sole discretion, determines that the

defendant has provided substantial and truthful assistance in the

investigation or prosecution of another person who has committed an

offense. The defendant understands that, as of the date of this

Memorandum of Plea Agreement, the government has not yet determined

whether his conduct qualifies for a government motion pursuant to

U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

c.    The defendant further understands that the government in its sole

discretion will decide whether and how to investigate any information

provided by him.   The defendant further understands that if he breaches

this agreement in any way, including by committing a new crime after the

date of this agreement, the government will not file a substantial assistance

motion.

d.    Make whatever sentencing recommendation the government deems

5

appropriate.

7.    The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

8.    The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government. Whether any untruth is considered material is a determination that the government will make in its sole discretion.

9.    The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing. The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

10.   It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

_____          By:_____
Mark Greenberg, Esquire                Douglas E. McCann
Attorney for Defendant                 Assistant U.S. Attorneys

_____
Mark Tatman
Defendant

Dated:

AND NOW, this ____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

7



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*                              *(302) 573-6277*
*1007 Orange Street, Suite 700*                *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

August 17, 2006

**BY CM/ECF**

Honorable Gregory M. Sleet
844 King Street
Wilmington, Delaware  19801

     Re:   **United States v. Brittney Robinson, Cr. A. No. 06-50-07 GMS**

Dear Judge Sleet:

     Counsel for Defendant Robinson has indicated to the government that the Defendant is prepared to enter a change of plea.  I respectfully request that the Court schedule a Rule 11 hearing as soon as the Court's schedule permits.  Enclosed is the proposed Memorandum of Plea Agreement for the Court's consideration.

                                        Respectfully,

                                        COLM F. CONNOLLY
                                        United States Attorney

BY:                         
                                  Douglas E. McCann
                                  Assistant United States Attorney

Enclosure

cc:   Eugene Maurer, Esquire (By Facsimile with Enclosure)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-50-07 GMS |
| | ) | |
| BRITTNEY ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OF PLEA AGREEMENT</u>

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Brittney Robinson, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment.  Count I charges the defendant with knowingly conspiring to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846.  The defendant understands that the maximum penalties for Count I are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which she is pleading

guilty, that is, for Count I: (1) two or more persons conspired, or agreed, to commit the crime of distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base; and (2) that the defendant knowingly and voluntarily joined the conspiracy.

3. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). She understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a three level reduction for acceptance of responsibility. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than she expects, or contrary to any recommendation of her attorney or the United States, that she will not be allowed to withdraw her guilty plea.

4. The defendant agrees to pay the $100 special assessments the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

5. The defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury.

    b. The defendant agrees to provide all information concerning her

2

knowledge of, and participation in, the subject matter of the Indictment of which she has knowledge, and any other crimes about which she has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

c.      The defendant agrees to provide the government with information concerning any bank accounts in her name or in the name of another in which sums are deposited by or at the direction of the defendant, and information about her state and federal taxes in the last seven years, including her state and federal tax returns. The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by her. Defendant understands that her assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.      The defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

e.      The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.      The defendant agrees to hold herself reasonably available for any interviews as the government may require.

g.      The defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any

3

crime.

h.       The defendant understands that her cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.       To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.       The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation.  The prosecution may be based on any information provided by the defendant during the course of her cooperation, and this information may be used as evidence against her.  Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by her.

6.       If the government in its sole discretion determines that the defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the government will:

a.       Make the nature and extent of the defendant's cooperation known

4

to the Court.

b.      Make a motion to allow the Court to depart from the Sentencing
Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C.
§3553(e), only if the government, in its sole discretion, determines that the
defendant has provided substantial and truthful assistance in the
investigation or prosecution of another person who has committed an
offense. The defendant understands that, as of the date of this
Memorandum of Plea Agreement, the government has not yet determined
whether her conduct qualifies for a government motion pursuant to
U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

c.      The defendant further understands that the government in its sole
discretion will decide whether and how to investigate any information
provided by her.   The defendant further understands that if she breaches
this agreement in any way, including by committing a new crime after the
date of this agreement, the government will not file a substantial assistance
motion.

d.      Make whatever sentencing recommendation the government deems
appropriate.

7.      The defendant's rights under this agreement shall in no way be dependent
upon or affected by the outcome of any case in which she may testify.

8.      The defendant understands that if it is discovered that statements made to
the government are untruthful in any material way, this agreement is violated and becomes
voidable by the government.  Whether any untruth is considered material is a determination that
the government will make in its sole discretion.

5

9.     The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing.  The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

10.     It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

6

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

_____

Eugene J. Maurer, Jr., Esquire
Attorney for Defendant

By:_____

Douglas E. McCann
Assistant U.S. Attorney

_____

Brittney Robinson
Defendant

Dated:

**AND NOW**, this ____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____

UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*                          *(302) 573-6277*
*1007 Orange Street, Suite 700*            *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

August 17, 2006

**BY CM/ECF**

Honorable Gregory M. Sleet
844 King Street
Wilmington, Delaware  19801

     **Re:    United States v. Brittney Robinson, Cr. A. No. 06-50-07 GMS**

Dear Judge Sleet:

     Counsel for Defendant Robinson has indicated to the government that the Defendant is prepared to enter a change of plea.  I respectfully request that the Court schedule a Rule 11 hearing as soon as the Court's schedule permits.  Enclosed is the proposed Memorandum of Plea Agreement for the Court's consideration.

                        Respectfully,

                        COLM F. CONNOLLY
                        United States Attorney

BY: _____
                     Douglas E. McCann
                     Assistant United States Attorney

Enclosure

cc:  Eugene Maurer, Esquire (By Facsimile with Enclosure)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-50-07 GMS |
| | ) |
| BRITTNEY ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Brittney Robinson, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I charges the defendant with knowingly conspiring to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846. The defendant understands that the maximum penalties for Count I are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which she is pleading

guilty, that is, for Count I: (1) two or more persons conspired, or agreed, to commit the crime of distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base; and (2) that the defendant knowingly and voluntarily joined the conspiracy.

3. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). She understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a three level reduction for acceptance of responsibility. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than she expects, or contrary to any recommendation of her attorney or the United States, that she will not be allowed to withdraw her guilty plea.

4. The defendant agrees to pay the $100 special assessments the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

5.     The defendant agrees to cooperate fully and truthfully with the Government as follows:

a.     The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury.

b.     The defendant agrees to provide all information concerning her

knowledge of, and participation in, the subject matter of the Indictment of which she has knowledge, and any other crimes about which she has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

c.      The defendant agrees to provide the government with information concerning any bank accounts in her name or in the name of another in which sums are deposited by or at the direction of the defendant, and information about her state and federal taxes in the last seven years, including her state and federal tax returns. The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by her. Defendant understands that her assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.      The defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

e.      The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.      The defendant agrees to hold herself reasonably available for any interviews as the government may require.

g.      The defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any

3

crime.

h.      The defendant understands that her cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.      To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.      The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of her cooperation, and this information may be used as evidence against her. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by her.

6.      If the government in its sole discretion determines that the defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the government will:

a.      Make the nature and extent of the defendant's cooperation known

4

to the Court.

b.       Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e), only if the government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that, as of the date of this Memorandum of Plea Agreement, the government has not yet determined whether her conduct qualifies for a government motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

c.       The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by her.   The defendant further understands that if she breaches this agreement in any way, including by committing a new crime after the date of this agreement, the government will not file a substantial assistance motion.

d.       Make whatever sentencing recommendation the government deems appropriate.

7.       The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which she may testify.

8.       The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government.   Whether any untruth is considered material is a determination that the government will make in its sole discretion.

5

9.    The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing. The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

10.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

6

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

_____                    By:_____
Eugene J. Maurer, Jr., Esquire                    Douglas E. McCann
Attorney for Defendant                            Assistant U.S. Attorney

_____
Brittney Robinson
Defendant

Dated:

                 **AND NOW**, this ____ day of _____, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
UNITED STATES DISTRICT JUDGE

7

LAW OFFICES OF
# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@att.net

REPLY TO: PHILADELPHIA

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

\* Members - Pennsylvania, New Jersey and New York Bars

JOHANNA E. MARKIND\*
° Member - Pennsylvania and New Jersey Bars

August 22, 2006

**VIA TELECOPIER TO: (302) 573-6220**
**AND FIRST CLASS MAIL**
Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

     RE:   **UNITED STATES v. ASHLEY HARRISON**
           **CRIM. NO. 06-50**

Dear Mr. McCann:

    I have received notice of the cooperation plea agreements of Mark Tatman and Britteny Robinson in this matter. Kindly forward any and all statements that Tatman and/or Robinson have made. This includes, but is not limited to, any Brady or Jencks Act material.

           Very truly yours,

           JOHANNA E. MARKIND

JEM:maj
cc.   Ms. Ashley Harrison

LAW OFFICES OF

# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@atl.net

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

\* Members - Pennsylvania, New Jersey and New York Bars

REPLY TO: PHILADELPHIA

JOHANNA E. MARKIND°
° Member - Pennsylvania and New Jersey Bars

May 12, 2006

Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899

> **RE:   UNITED STATES v. ASHLEY HARRISON**
> **CRIM. NO. 06-50**

Dear Mr. McCann:

On behalf of defendant Ashley Harrison, I make the following initial discovery requests under Rule 16 and the Fifth and Sixth Amendments to the Constitution.

As used herein, "document" is an all inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes but is not limited to notes, memoranda, reports, recordings, photographs, e-mails, correspondence, telegrams, drawings, diagrams, tables, graphs, charts, maps, films, computer files, and data.

I wish to inspect and copy the following materials in the possession, custody or control of the government, whose existence is known or by due diligence may become known to you or other government agents, including but not limited to personnel of the Drug Enforcement Agency ("DEA") and the United States Federal Bureau of Investigation ("FBI"), as follows:

1.     Any written or recorded statements by Ashley Harrison relevant to the indictment.

2.     The substance of any oral statements relevant to the indictment made by the defendant before or after the indictment in response to interrogation by any person then known to be a government agent.

3.     Any statement, admission or confession relating to the charges in this case made by Ashley Harrison to government attorneys or investigators, including but not limited to representatives of the DEA and FBI. *See* Rule 16(a)(1)(A).  I include herein any statement or admission incorporated into

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 2

any report or recording prepared by any of the government agents described above or any person working with such agents. Also included in this request are any telephone recordings or notes of any meetings or phone conversations between Ashley Harrison, or anyone acting or purportedly acting on her behalf, and any government agent as described above. This request also encompasses statements by Ms. Harrison to third persons who later related such statements to government agents. I also request copies of any grand jury testimony which includes such statements.

4. Any relevant oral statement made by the defendant before or after indictment in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

5. A copy of the criminal record of the defendant, to the extent that it has not already been produced.

6. All documents and other mechanically reproduced, stored and recorded data obtained from or belonging to any defendant. This request includes any documents obtained from or the property of any employee or professional consultant, attorney, or phone (including cell phone) service provider of any defendant.

7. All documents and tangible objects, including photographs, videotapes, and audiotapes, which the government intends to use in its case in chief at trial, including not only those documents intended to be offered in evidence, but those which will be relied on or referred to in any way by witnesses called by the government during its case in chief. *See United States v. Givens*, 767 F.2d 574, 583 (9th Cir. 1985). Please separately identify those documents intended to be used or relied upon or referred to in your case in chief.

8. All reports of scientific tests or experiments conducted in connection with the investigation of the charges contained in the indictment.

9. All documents which are material to the preparation of the defense including but not limited to the following:

    (a)     All documents relating to the defendant or her agent(s) in connection with the conduct and events described in the indictment.

    (b)     All documents relating to the activity of the United States Drug Enforcement Agency with respect to the events described in the indictment and the investigation thereof.

    (c)     All documents relating to the activity of the United States Federal Bureau of Investigation with respect to the events described in the indictment and the investigation thereof.

LAW OFFICES
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 3

      (d)    All documents relating to the alleged use of defendant's Dover residence for the purchase or sale of drugs, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

      (e)    All documents relating to the alleged use of defendant's Dover residence for the storage or distribution of drugs, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

      (f)    All documents relating to the alleged purchase or sale of drugs by defendant Ashley Harrison, particularly the events described in the indictment and the investigation thereof; including but not limited to the type and quantity of such drugs. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

      (g)    All documents tending in any way to show that defendant knew of, and/or approved of, the use of her Dover residence as a drug sale or distribution locale. This request encompasses but is not limited to the events alleged to have occurred between November 2005 and April 2006, including especially the events alleged to have occurred on November 30, 2005, December 7, 2005, January 12, 2006, March 8, 2006, March 9, 2006, March 16, 2006, and March 30, 2006.

    10.    All reports of scientific tests or experiments conducted in connection with the investigation of the charges contained in the indictment, including but not limited to any chemical analyses.

    11.    Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *U.S. v. Agurs*, 427 U.S. 97 and *Giglo v. United States*, 405 U.S. 150 (1972), the defendant requests disclosure of all exculpatory material in the possession, custody or control of or otherwise known to the government or which could become known by the exercise of due diligence, including impeaching material as follows:

      (a)    Any documents containing information tending in any way to exculpate any defendant or to contradict or negate, excuse or explain any of the charges in the

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 4

indictment or mitigate any defendant's participation in the conduct therein described.

(b)     Any and all documents containing information probative of non-participation in the conduct described in the indictment as to any defendant.

(c)     All records revealing prior criminal convictions, guilty verdicts or juvenile adjudications of all government witnesses who may be called at trial.

(d)     All documents or records containing information revealing any misconduct or other activity tending to impeach any witness the government intends to call at trial.

(e)     Any indictments or charges against any potential government witness.

(f)     All documents containing promises of consideration made or given during the investigation of the charges contained in the above-captioned indictment to or for any witness expected or intended to be called at trial, including any consideration which might arguably be of value to such witness or any consideration which might reveal an interest, motive or bias of the witness in favor of the prosecution or against any defendant or which might act as an inducement to any witness to testify favorably to the prosecution.

(g)     All statements by law enforcement officials detrimental to any potential witness.

(h)     All statements or prior testimony concerning the allegations of the indictment by any witness the government intends to or may call at trial, differing in any respect from his/her anticipated testimony.

(i)     All documents containing information relating to any coercion directed at or against any witness intended or expected to be called at trial, including but not limited to any potential criminal prosecution or investigation which could be brought against any such witness, or any probationary, parole, deferred prosecution or custodial status of any such witness, any civil, tax, or administrative or other pending potential dispute or transaction involving such witness and any state government or the federal government over which the federal government has any real or apparent influence including debarment from participation in any program.

(j)     All requests, demands or complaints made to the government by any witness which could arguably evidence any expectation or hope on the part of the witness for any favorable governmental action toward him or her.

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 5

(k)     All material not otherwise described in this letter which contains information reflecting or evidencing any motivation to cooperate with the government or any bias against any defendant on the part of any potential government witness.

(l)     The existence and identification of all proceedings, including any criminal cases involving any witness, unindicted co-conspirator or any other person who is a potential prosecution witness.

(m)     All documents, including grand jury testimony by any potential government witness, which the government believes to be false or has any reason to believe to be false.

(n)     Any documents showing former testimony of any potential government witness in the capacity of an informer, accomplice, co-conspirator or expert, who has testified before any tribunal known to the government.

(o)     Any documents containing statements by potential prosecution witnesses which are in any way inconsistent with or different from any prior testimony of any such person or inconsistent with any statement made by such person.

(p)     All requests prepared by the prosecution for permission to grant immunity or leniency to any witness and any documents relating to action upon such requests.

(q)     Any and all records containing information which could be helpful or useful to the defense in impeaching or otherwise diminishing the credibility or probative force of the prosecution's evidence.

(r)     With respect to any non-witness whose statements the government expects to introduce in evidence, provide the same information requested in subparagraphs "a" through "q".

(s)     Any notes or memoranda of any government attorney containing or relating to exculpatory information concerning any defendant and any exculpatory information presented to the grand jury.

(t)     Documents showing the identity or whereabouts of all persons known to the prosecution, or who may become known by the exercise of reasonable diligence, who possess information relevant to the indictment and whom the government does not intend to call as witnesses at trial.

(u)     All records of governmental agencies reflecting any disciplinary action taken against any governmental official or employee who is expected to testify.

**LAW OFFICES**
**DANIEL B. MARKIND**
Douglas E. McCann, Esquire (AUSA)
May 12, 2006
Page 6

12.    All recorded conversations (including transcriptions thereof) whether electronic, mechanical or stenographic of any person, whether or not acting for the government, relevant to the indictment within the meaning of 18 U.S.C. § 3504.

13.    All documents showing whether any evidence obtained by the government resulted from any search, seizure, the use of a beeper or other tracking device, a mail cover or any other kind of electronic surveillance.

14.    All documents containing information as to the identity of all persons present during any grand jury proceedings and the capacity in which those persons were present.

15.    All documents relating to any prior disclosure of records of grand jury proceedings in this case.

16.    All witness statements and memoranda of interviews relating to acts charged in the indictment, including but not limited to statements of any confidential informant.

17.    All statements of any alleged co-conspirator proposed to be used by the prosecution under F.R.E. 801(d)(2)(E).

18.    All evidence of uncharged crimes, wrongs, or acts as defined in Rule 404(b) proposed to be offered in evidence.

19.    I also request that the government advise defendant, under Rule 1006, of the proposed use of any charts, summaries or calculation, and the basis thereof.

I would be grateful if you would advise me of your ability and willingness to comply with my requests.

Very truly yours,

JOHANNA E. MARKIND

JEM:maj
cc.    Ms. Ashley Harrison