IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| | : | |
| ASHLEY HARRISON | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT ASHLEY HARRISON'S
MOTION TO QUASH INDICTMENT & COMPEL DISCOVERY UNDER RULE 16(d)**

a. The Court should grant Harrison's motion to quash indictment on the basis that, at best, it alleges a violation of § 856, not a § 846 conspiracy to violate § 841

The Government's reliance on *Bobb v. Attorney General of the United States,* 458 F.3d 213 (3rd Cir. 2006), in responding to defendant Harrison's motion to quash indictment, is misplaced. In that case, the Third Circuit held that two broadly-worded statutes could each apply to the same conduct, because each statute potentially applied to situations not covered by the other. Stated otherwise, neither was a lesser included offense to the other.

The other case on which the Government relies, *United States v. Batchelder*, 442 U.S. 114 (1979),[1] deals with the inverse situation, two very specific statutes which both specifically covered the conduct alleged.

This case, by contrast, concerns one statute that is general and one that is specific. It is thus very similar to *Lee v. Ashcroft*, 368 F.3d 218 (3rd Cir. 2004), in which the Third Circuit held that general language referring to crimes of "fraud and deceit" did *not* cover tax fraud, which was specifically addressed in a different subsection of the relevant statute.

---

[1] *Batchelder* is actually the source of the *Bobb* holding cited in the Government's brief.

Lee and his wife had both been convicted of violating Section 7206 of Title 26, for filing false tax returns. Conviction under a different section of the IRS Code, Section 7201, subjected non-citizens to removal from the United States. 8 U.S.C. § 1101(a)(43)(M). The question in *Lee* was whether tax-fraud was included within a catch-all description of removable offenses involving "fraud and deceit," or whether the existence of the specific statutory reference to Section 7201 in Subsection 1101(a)(43)(M)(ii) precluded such a holding.

The court held that filing a false tax return was not included within the category of crimes of "fraud and deceit." Although a superficial reading of the statute may suggest otherwise, the court held, "This question cannot be answered solely by looking at 'the language itself.'" *Lee* at 222. Rather, the context of the statute must be considered. *Id*. Applying the axiom that "the specific governs the general," the court held that the presence of the specific statutory reference to Section 7201 violations indicated that Section 7201 was the *only* removable tax fraud crime. *Id.* at 223. To hold otherwise, *i.e.*, to hold that tax fraud was included with crimes of "fraud and deceit," would have rendered the reference to Section 7201 mere surplusage. *Id*. at 223.

The same is true here. The Government's interpretation would convert all Section 856 offenses into conspiracies to violate Section 841, thus rendering Section 856 mere surplusage.[2] Such a reading should therefore be rejected by the Court. On the contrary, the presence of a statute specifically covering so-called 'crack houses' indicates that operating a 'crack house' does *not* constitute a conspiracy to violate Section 841.

Justice Black's dissent in *Berra v. United States,* 351 U.S. 131 (1956), is also instructive. The appellant had alleged that the jury should have been instructed it could find a violation of a lesser included offense. The Court denied the appeal on technical grounds, specifically, that the

---

[2] Making one's home available for another to use to sell drugs, which is the gravamen of a Section 856 violation, necessarily involves another person who is selling drugs.

jury's function was solely that of factfinder, not of deciding which statutory sections applied. The Court specifically noted, "Whatever other questions might have been raised as to the validity of petitioner's conviction and sentence, because of the assumed overlapping of Sections 145(b) and 3616(a), were questions of law for the court. *No such questions are presented here.*" *Berra* at 135 (*emphasis added*).

Justice Black, joined by Justice Douglas, dissented from the decision. He opined that the Court should have addressed the issue of whether Berra could have been convicted under a general statute making his conduct a felony *when it clearly fell within the parameters of a more specific offense categorized only as a misdemeanor*.

> The record raises a serious question as to whether the four-year sentence on each count was lawfully imposed. The Court's opinion takes the position that no proper challenges to the sentence under the felony statute were raised below and hence that "no such questions are presented here." In my judgment the requested instruction was adequate to call the trial judge's attention to petitioner's contention that the offense charged was not a felony but a misdemeanor… I think petitioner is right in saying the offense charged was only a misdemeanor, I think we should correct the plain error of the trial judge in sentencing petitioner under the felony statute.

*Id* at 137-138.

Essentially, Justices Black and Douglas would have addressed the question Berra failed to raise, which is the question presented here: whether conduct clearly classified as a lesser offense may simultaneously be covered by a more general statute having a more severe penalty. They would have held that the same conduct *cannot* constitute both the lesser and the greater offense.

Likewise, here, the Court should hold that an indictment merely alleging a Section 856 violation is insufficient to support a charge of conspiracy to violate Section 841.

The same rationale precludes a conviction for aiding and abetting a Section 841 violation.

THEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court quash the indictment against her.

    b.    <u>The Court should direct the Government to produce statements and *Jencks* material sooner rather than later</u>

The Government claims it has produced everything requested, except for the following:

    a.    Statements of co-defendants, and notes/records of interviews of same;

    b.    *Jencks* material;

    c.    Identity of confidential sources.

It also claims to have produced all *Brady* material, that is, all exculpatory evidence. Frankly, defendant Harrison strongly suspects that the Government would have turned over witness statements implicating her, and therefore suspects that they do not do so. In a case such as this, where the defendant is charged with knowingly letting her home be used by co-defendants to sell drugs, the very failure of co-defendants to incriminate her should in itself be considered exculpatory. Thus, the Government should be required to turn over their statements.

As for the *Jencks* material (including co-defendant statements, if they are incriminating), there is no reason the Government has to wait until a week before trial before releasing the materials. Any concerns the Government has can be addressed by crafting an order accordingly, as by requiring that such discovery be kept confidential.

The practice in this Circuit is to turn over relevant discovery materials well in advance of trial, as efficiency and justice are served by early release. Such is the case here.

THEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court require the Government to turn over the requested documents within seven (7) days, including in particular the following:

    a.    All witness statements, including statements of co-defendants of interviews relating to acts charged in the indictment; and any and all original notes, memoranda, and or tapes pertaining to such interviews.

    b.    Any and all "*Jencks*" material, including but not limited to transcripts of any grand jury testimony pertinent to the Government's case against Harrison.

    c.    Furthermore, any confidential sources making allegations against defendant Harrison shall be identified, and their complete statements (and notes thereof) produced, within seven (7) days. Any confidential sources not so identified within that time period shall be barred from testifying at trial.

    Respectfully submitted,

    _____/s/_____
    Johanna E. Markind, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing reply brief upon the following persons by United States first class mail, postage pre-paid, to:

>Douglas E. McCann, Esquire (AUSA)
>U. S. Attorney's Office
>The Nemours Building
>1007 Orange Street, Suite 700
>P.O. Box 2046
>Wilmington, DE  19899

Date: <u>November 29, 2006</u>                   _____*/s/*_____
                                                                  Johanna E. Markind, Esquire
                                                                  1500 Walnut Street – Suite 1100
                                                                  Philadelphia, PA   19102
                                                                  (215) 546-2212