LAW OFFICES OF

# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@att.net

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

\* Members - Pennsylvania, New Jersey and New York Bars

REPLY TO:  PHILADELPHIA

JOHANNA E. MARKIND°
° Member - Pennsylvania and New Jersey Bars

February 5, 2007

**VIA FEDEX**
Honorable Gregory M. Sleet, U.S.D.J.
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE  19801-3570

    RE:    UNITED STATES v. ASHLEY HARRISON
              CRIMINAL NO. 06-50

Dear Judge Sleet:

       During the January 9, 2007, hearing in this matter, counsel for the government indicated that statements of the co-defendants would be turned over to defense counsel at the end of the month. Since that time, the government has asked defense counsel to sign what purports to a simple confidentiality agreement, but which is actually much more than that. Rather then simply limiting the defendant from passing on information about the statements to other individuals, it in fact limits communication between defendant and her counsel. Specifically, it would not only prevent counsel from forwarding copies of the actual statements to defendant, but would also prohibit counsel from even summarizing the contents of the statements in any correspondence with defendant.

       This provision is particularly onerous in the present case, given that defendant Harrison is incarcerated. Thus, the defendant and her counsel are forced to rely on written communication much more than would otherwise be the case. If defendant were at liberty, she could make arrangements to come to counsel's office, read the statements there, and then discuss them with counsel. With defendant incarcerated, however, defendant will have no opportunity to read them or even summaries of them prior to meeting with counsel.

       This is likely to place a great and unfair burden on defendant, particularly given that government has shown no compelling reason that would justify limiting communication between client and counsel. Moreover, in light of the fact that all but two (2) defendants have pled out in this case, there would seem to be little if any need to keep the statement so closely guarded at this point.

LAW OFFICES OF
**DANIEL B. MARKIND**
Honorable Gregory M. Sleet, U.S.D.J.
February 5, 2007
Page 2

    A copy of the draft stipulated protective order the government has asked defendant to sign is enclosed herewith.  I respectfully request that the Court direct the government to remove paragraph 4 and turn the statements over subject to the other proposed paragraphs of the protective order.  I believe this is a reasonable compromise, particularly given that the government will in any case be required to turn over the statements to defendant subject to no protective orders of any kind.

    Alternatively, I respectfully request a telephone conference with the Court to discuss this matter further.

                        Respectfully,

                        JOHANNA E. MARKIND

Enclosures
JEM:maj
cc:    Douglas E. McCann, Esquire (AUSA) (via telecopier & mail)
       Ms. Ashley Harrison

FILED

FEB - 7 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# SEALED DOCUMENT