

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*                     *(302) 573-6277*
*1007 Orange Street, Suite 700*          *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

March 1, 2007

**BY CM/ECF**

Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324
Lockbox 19
Wilmington, Delaware 19801

  **Re: United States v. Willie Brown, et al., Cr. A. No. 06-50 GMS**

Dear Judge Sleet:

  Filed herewith are joint proposed preliminary and final jury instructions of the government and defendant Ashley Harrison.  Defendant Harrison has proposed a number of alternatives to the government's proposed instruction.  These are in bold text.  Also, defendant Harrison had a few global objections.  These are included in the front of the proposed instructions.

  The government has also filed herewith a proposed verdict form.

        Respectfully,

        COLM F. CONNOLLY
        United States Attorney

     BY: _____
        Douglas E. McCann
        Assistant United States Attorney

Enclosure

cc: Beth Moskow-Schnoll, AUSA (by hand with enclosures)
  Elliot Cohen, Esquire (by first class mail with enclosures)
  Johanna Markind, Esquire (by first class mail with enclosures)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
                 Plaintiff,        :
                                   :
        v.                         :        Criminal Action No. 06-50-GMS
                                   :
WILLIE BROWN, et al.,              :
                 Defendant.        :


## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>


COLM F. CONNOLLY
United States Attorney

Douglas McCann
Beth Moskow-Schnoll
Assistant United States Attorneys
1007 Orange Street, Suite 700
Wilmington, Delaware 19801
(302) 573-6277

Attorneys for Plaintiff


Dated: March 1, 2007

## DEFENDANT'S OBJECTIONS TO
## PROPOSED INSTRUCTIONS OF THE GOVERNMENT

### COUNT I – ELEMENTS OF OFFENSE – TIME FRAME

Defendant Harrison objects to the Government's proposed instruction. At a minimum, the Court needs to quantify how much variance is too much. An instruction of "at some time reasonably close" to the date range contained within the indictment is vagueness upon vagueness that is insufficient to meet constitutional requirements that the offense tried in fact be the same one charged in the Indictment.

### COUNT I – ELEMENTS OF OFFENSE – "WILLFUL BLINDNESS" EXPLAINED

Defendant Harrison objects to the Government's proposed instruction as to willful blindness. Here, the Government proposes an instruction that is not tied to an element of the offense charged.

Such instructions have been authorized in limited circumstances only, and must be tailored to avoid implying that a defendant may be convicted because of facts she supposedly 'should have known' but of which she was in reality unaware. Without connecting defendant's alleged 'willful blindness' to an element of the offense charged for which knowledge is required, the Government's proposed charge does not fit one of these circumstances and has no application to the present case.

### COUNT I – DEFINITION OF LESSER INCLUDED OFFENSES

Defendant Harrison objects to the Government's proposed instruction authorizing the jury to convict on uncharged lesser included offenses, for which the Government has cited no authority.

## PRELIMINARY INSTRUCTIONS

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### Duty of Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not. Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I

2

instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

      3.      Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

      4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

### Rules for Criminal Cases

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent until proven guilty. The Indictment against the defendants brought by the Government is only an accusation, nothing more. It is not proof of guilt or anything else. Each of the defendants therefore starts out with a clean slate.

Second, the burden of proof is on the Government throughout the case. A defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since a defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that a defendant may not have testified.

Third, in order to prove each defendant guilty, the Government must prove his or her guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of Applicable Law**

In this case each defendant is charged with violations of federal narcotics laws. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence I will now give you a brief summary of the elements of the offenses that the Government must prove to make its case:

**Count I – Conspiracy**

| | |
|---|---|
| **First:** | That the defendants conspired to commit an act in violation of a specific United States statute, namely, the law prohibiting the distribution of fifty (50) grams or more of cocaine base. |
| **Second:** | That the conspiracy charged was existing at or about the time alleged in the Indictment. |
| **Third:** | That the defendants knowingly became members of the conspiracy. |

**Counts II, III, IV, and V – Distributing More than Fifty Grams of Cocaine Base**

| | |
|---|---|
| **First:** | That on or about the dates charged in the Indictment, the defendant, Willie Brown, and others, knowingly distributed a mixture or substance containing a detectable amount of cocaine base. |

4

**Second:**    That the defendant knew that what he distributed was some type of controlled substance.

**Third:**    That the substance distributed by the defendant, Willie Brown, weighed 50 grams or more.

## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

## Course of the Trial

The trial will now begin. First, the Government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

5

The Government will then present its witnesses and counsel for the defendant may cross-examine them.  Following the Government's case, the defendant may, if he wishes, present witnesses whom the Government may cross-examine.  After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law.  After that, you will retire to deliberate on your verdict.

## **PRELIMINARY INSTRUCTION – TAPE RECORDED CONVERSATIONS**

(to be given upon introduction of tape(s) into evidence)

Members of the jury, I am going to permit the Government to play certain tape recorded conversations. The tape is the evidence. You will receive a copies of transcripts setting forth what the Government says a particular tape says, but that is not evidence. These transcripts are provided just to assist you.

As I said, the transcripts are not evidence. The tape is the evidence. If there is any dispute about what is in a transcript and what is on a tape, it is what is on the tape that controls.

See Govt. of Virgin Islands v. Martinez, 847 F.2d 125, 128 (3d Cir. 1988).

## PRELIMINARY INSTRUCTION – PAROLE STATUS EVIDENCE

(to be given upon introduction of said evidence)

The Government has introduced evidence that the defendant Brown was on probation at the time of the offenses charged in the Indictment. The Government has offered the evidence to show that the defendant intended to act with and through co-conspirators rather than risk engaging in more overt conduct himself. I caution you that you may only consider this evidence for the limited purpose I just described and not to prove that the defendant is a bad person, and thus he was predisposed to do bad things, such as participate in the charged offenses.

Further, you may not discuss, speculate, or consider why the defendant was on probation during your deliberations. In other words, you should consider the evidence that the defendant was on probation only for the specific, limited purpose I have described, and in conjunction with my other instructions. To consider this evidence for any other purpose would be improper.

I will be repeating this instruction as part of my general instructions, but I felt it was appropriate to give it to you now so you perhaps have a better awareness right away of the relevance of the testimony you heard.

See United States v. Cruz, 326 F.3d 392, 396 n.2 (3d Cir. 2003).

8

## PRELIMINARY INSTRUCTION – ADMISSION OF WITNESS PLEA AGREEMENT

(to be given upon introduction of said evidence)

The Government has introduced evidence that this witness pled guilty to certain criminal charges which involved matters relating to some of the things that s/he has testified to in this trial. You may consider the evidence that the witness has entered a plea of guilty in assessing the credibility and the testimony of the witness, and you should give it such weight as you feel it deserves. I caution you, however, that you may not consider the evidence that the witness has entered a plea of guilty against the defendant in this case, nor may any inference be drawn against the defendant on trial by reason of the witness' plea of guilty.

See United States v. Universal Rehabilitation Services, Inc., 205 F.3d 657, 662-63 (3d Cir. 2000).

9

## PRELIMINARY INSTRUCTION – OTHER ACTS OF DEFENDANT

(To be given upon introduction of said evidence, if applicable)

You have heard testimony that a defendant committed some acts other than the ones charged in the Indictment.

You cannot consider this testimony as evidence that that defendant is a bad person and therefore committed the crime that he or she is on trial for now. Instead, you can only consider it in relation to [facts to be inserted as warranted]. Do not consider it for any other purpose.

Remember that each defendant is on trial here only for the crimes charged in the Indictment against him or her, not for the other acts. Do not return a guilty verdict as to a count unless the Government proves a crime charged beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §7.13; United States v. McGlory, 968 F.2d 309, 338-39 (3d Cir. 1992); United States v. O'Leary, 739 F.2d 135, 136 (3d Cir. 1984), *cert. denied*, 469 U.S. 1107 (1985).

## GENERAL INSTRUCTIONS

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.01.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved a defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.02.

12

## PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT

As you know, the defendants have pleaded not guilty to the crimes charged against them in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendants start the trial with clean slates, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the Government presents evidence in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the Government to prove that he or she is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that that defendant is guilty.

For each crime charged, the Government must prove every element of that crime beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

13

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the Government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict against that defendant as to each count that has been proven.  If you are not convinced, say so by returning a not guilty verdict as to that count.

Pattern Criminal Jury Instructions, 6th Circuit, §1.03.

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 1**
**INDICTMENT**

The indictment itself is not evidence of any kind. It merely describes the charges against Ashley Harrison. You must not consider the indictment as any evidence of guilt or draw any inferences of guilt from it.

In reaching your determination of whether the Government has proved Ashley Harrison guilty beyond a reasonable doubt, you may consider only the evidence introduced and the lack of evidence.

**Authority And/Or Adapted From**
**1 L. Sand, et al., Modern Federal Jury Instructions, Instruction 3-1**

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 3
### PRESUMPTION OF INNOCENCE, BURDEN OF PROOF AND REASONABLE DOUBT

I instruct you that you must presume the defendant, Ashley Harrison, to be innocent of the crimes charged. Thus Ashley Harrison, although accused of crimes in the indictment, begins the trial with a "clean slate" - with no evidence against her. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendants. The presumption of innocence alone therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendants are not even obligated to produce any evidence by cross-examining the witnesses for the Government.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves, beyond a reasonable doubt, that the defendants have committed each and every element of the offense charged in the indictment, you must find the

16

defendants not guilty of the offense.  If the jury views the evidence in the case as reasonably

permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of

course, adopt the conclusion of innocence.  But the jury may not convict unless it finds that the

Government has proven its case beyond a reasonable doubt.

**Authority And/Or Adapted From**
Devitt, Blackmar, Wolff and O'Malley, <u>Federal Jury Practice and Instructions</u>, §12.10 (4th
ed. 1992)(modified).

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 9**
**EACH ELEMENT OF EACH OFFENSE MUST BE**
**ESTABLISHED BEYOND REASONABLE DOUBT**


Unless the Government proves beyond a reasonable doubt that Ashley Harrison has

committed every element of the offense with which he is charged, you must find him not guilty.


**Authority And/Or Adapted From**
Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §11.15 (3rd ed. 1977)


18

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 2**
**THE DEFENSE**


Ashley Harrison has pleaded "not guilty" to the charges contained in the indictment. This plea puts in issue each of the essential elements of the offenses charged, and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt.


**Authority And/Or Adapted From**
Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 19.01 (1992)

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendants, or draw any inference of guilt from it.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Criminal Jury Instructions, 6th Circuit, §1.04.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Pattern Criminal Jury Instructions, 6th Circuit, §1.05.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Criminal Jury Instructions, 6th Circuit, §1.06.

22

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 10**
**EVIDENCE - INFERENCES - DIRECT AND CIRCUMSTANTIAL**


In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.


**Authority And/Or Adapted From**
Fifth Circuit, Committee's Pattern Jury Instructions, 1.07 (1997)

## CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something or failed to do or say something, that was different from the testimony the witness gave before you during the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it concerns an important fact or an unimportant detail.

In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony [a crime involving dishonesty or false statement]. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.

Pattern Civil Jury Instructions, 5th Circuit, §§2.16-17.

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 11
## CREDIBILITY OF WITNESSES

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, and state of mind, and the demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error in intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

### Authority And/Or Adapted From
Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.01 (3rd ed. 1977)

25

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Pattern Criminal Jury Instructions, 6th Circuit, §1.08.

## NATURE OF THE CHARGES

## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that each defendant is only on trial for the particular crimes charged against him or her in the Indictment.  Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the particular defendant.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the Government has proven the defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, §2.01.

## SEPARATE CONSIDERATION --

## DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant, Willie Brown, has been charged with five crimes. The defendant, Ashley N. Harrison, a/k/a "Nikki", has been charged with one crime. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that each defendant is guilty of each particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

See Pattern Criminal Jury Instructions, 6th Circuit, § 2.01A.

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 4**
**CONSIDER EACH DEFENDANT SEPARATELY**


Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find one defendant guilty or not guilty of one of the offenses charged should not have any impact on whether the other defendant is guilty or not guilty of that offense, or any other offense. Each defendant is entitled to have his or her case determined from the evidence as to his or her own acts and statements. You may find a particular defendant guilty only if you are satisfied that the Government has established each element of the offense beyond a reasonable doubt as to that particular defendant.


**Authority And/Or Adapted From**
Devitt, Blackmar, Wolff and O'Malley, <u>Federal Jury Practice and Instructions,</u> §12.13 (5th ed.).

## CONSPIRACY OFFENSES

## COUNT I – CONSPIRACY – ELEMENTS

In Count I of the Indictment, the defendants are charged with conspiracy to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, a controlled substance. The defendant, Ashley N. Harrison, a/k/a "Nikki", is also charged with aiding the conspiracy by making her residence available to defendant Willie Brown for use as a location for storing, manufacturing and distributing illegal drugs. Three essential elements must be proved in order to establish the conspiracy charged in Count I of the Indictment. For you to find a defendant guilty of this crime, each of the following elements must be proved by the Government beyond a reasonable doubt:

**First:**     That the defendants conspired to commit an act in violation of a specific United States statute, namely, the law prohibiting the distribution of fifty (50) grams or more of cocaine base.

**Second:**     That the conspiracy charged was existing at or about the time alleged in the Indictment.

**Third:**     That the defendants knowingly became members of the conspiracy.

If you should find from the evidence in this case that each of these elements has been proven by the Government beyond a reasonable doubt, then proof of the conspiracy offense is complete, and the Government need not prove that the offense which was the object of the conspiracy was consummated or accomplished.

See 21 U.S.C. § 846; Federal Judicial Center, Jury Practice and Instructions § 62; Pattern Jury Instructions, 7th Cir., §846 (recommending use of general conspiracy charge without overt act requirement).

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 5**
**ELEMENTS OF CONSPIRACY**

The crime of conspiracy as charged in Count I of the indictment, has three essential

elements, which are:

*One*, from in and around November, 2005, through in or around April, 2006, several
persons reached an agreement or came to an understanding to distribute crack cocaine
in and around Dover, Delaware;

*Two*, defendant Willie Brown voluntarily and intentionally joined in the agreement or
understanding, either at the time it was first reached or at some later time while it was
still in effect; likewise, defendant Ashley Harrison voluntarily and intentionally joined
in the agreement or understanding, either at the time it was first reached or at some
later time while it was still in effect;

*Three*, at the time defendant Willie Brown joined in the agreement or understanding,
he knew the purpose of the agreement or understanding; likewise, at the time
defendant Ashley Harrison joined in the agreement or understanding, she knew the
purpose of the agreement or understanding.

For you to find either or both defendants guilty of the crime charged under Count I,

the Government must prove all of these essential elements beyond a reasonable doubt as to

that defendant; otherwise you must find that particular defendant not guilty of this crime

under Count I.

**Authority And/Or Adapted From**

1 Edward J. Devitt, *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil and Criminal §§
12.10, 18.02 (4th ed. 1992); 2 Edward J. Devitt, et al., FEDERAL JURY PRACTICE AND
INSTRUCTIONS: Criminal §§ 28.01-28.11 (4th ed. 1990); Fifth Circuit Instruction 2.21; Seventh
Circuit Instruction 5.11; Ninth Circuit Instruction 8.05A; Eleventh Circuit Offense Instruction 4.1;
*see also United States v. Sopczak*, 742 F.2d 1119, 1121 (8th Cir. 1984); *United States v. Brown*, 584
F.2d 252, 260 (8th Cir. 1978), *cert. denied*, 440 U.S. 910 (1979). *See generally* West Key #
"Conspiracy" .23; "Criminal Law," 772, 811(3), 814(5), 815(4), 822(6), 823(4), 825(2), 829(3),
834(3).

## COUNT I – ELEMENTS OF OFFENSE  - AGREEMENT

The first element of a conspiracy offense requires you to find that a conspiracy existed. You are instructed that a conspiracy is a combination or agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of partnership in a criminal purpose.  The gist of the offense is a combination or agreement to attempt to disobey or disregard the law.

This does not require any proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the Government has proved an agreement.  But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime charged in the Indictment.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

See 1 L. Sand, *et al*, Modern Federal Jury Instructions #19-4 (2003); United States v. Gibbs, 190 F.3d 188, 197-98 (3rd Cir. 1999).

### DEFENDANT'S PROPOSED INSTRUCTION NUMBER 6
### First Element – "Agreement" Defined

The first element that the Government must prove beyond a reasonable doubt is that each defendant reached an agreement or understanding with at least one other person.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

### Authority And/Or Adapted From

2 Edward J. Devitt, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Criminal §§ 28.04, 28.05, 28.07 (4th ed. 1990); Fifth Circuit Instruction 2.21; Eleventh Circuit Offense Instruction 4.1. *See generally* West Key # "Criminal Law" 59(*l*)-(4).

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 7
## MERE PRESENCE / ASSOCIATION / ACTIVITY

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.

A defendant's association with conspirators is not by itself sufficient to prove his/her participation or membership in a conspiracy.

### Authority And/Or Adapted From

Pattern Jury Instructions, 7th Circuit § 5.11 (*citing United States v. Valenzuela*, 596 F.2d 824, 830-31 (9th Cir.), *cert. denied*, 441 U.S. 965 (1979); *United States v. Garguilo*, 310 F.2d 249, 253 (2d Cir. 1962); *United States v. Moya-Gomez*, 860 F.2d 706, 759 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989); *United States v. Jones*, 950 F.2d 1309, 1313 (7th Cir. 1991), *cert. denied*, 503 U.S. 996 (1992); *United States v. Quintana*, 508 F.2d 867, 880 (7th Cir. 1975); *United States v. Williams*, 798 F.2d 1024, 1028-29 (7th Cir. 1986); *United States v. Atterson*, 926 F.2d 649, 655-56 (7th Cir.), *cert. denied*, 501 U.S. 1259 (1991)

## COUNT I – ELEMENTS OF OFFENSE  - TIME FRAME

As to the second element, you should note that Count I of the Indictment charges that the conspiracy crimes were committed between in or around November 2005, and in or around April 2006.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the particular offense of conspiracy was committed at some time reasonably close to the dates alleged in the Indictment.

See 1A O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 13.05 (5th ed.).

35

## COUNT I – ELEMENTS OF OFFENSE – DEFENDANT'S CONNECTION TO

## THE CONSPIRACY

If you are convinced that there was a criminal agreement, then you must decide whether the Government has proved that the defendants knowingly and voluntarily joined that agreement. The Government must prove that each of the defendants knew the conspiracy's main purpose, and that each voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning. Nor does it require proof that each defendant played a major role in the conspiracy, or that his or her connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy. But without more they are not enough.

What the Government must prove is that a defendant knew the conspiracy's main purpose, and that he or she voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose.

36

But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

See Pattern Criminal Jury Instructions, 6th Circuit, §3.03; United States v. Pungitore, 910 F.2d 1084, 1145-47 (3d Cir. 1990); United States v. Kates, 508 F.2d 308, 310 (3d Cir. 1975).

## COUNT I – ELEMENTS OF OFFENSE – "WILLFUL BLINDNESS" EXPLAINED

(Give if applicable)

Defendant, Ashley N. Harrison, a/k/a "Nikki", denies that she knew and/or intended that her residence was being used or would be used as a location for storing, manufacturing and distributing illegal drugs.  Now, since you cannot look inside a defendant's mind to ascertain her knowledge, you must infer that intent and that knowledge from her acts and words or from the surrounding facts and circumstances at the time the charged conspiracy is alleged to have occurred.  In that connection, the element of knowledge may be satisfied by inferences from the evidence that a defendant deliberately closed her eyes to what otherwise would have been obvious to her.  When knowledge of the existence of a particular fact is an element of the offense, such knowledge is established if a person is aware of a high probability of its existence and then fails to take action to determine whether it is true or not.  If the evidence shows you that the defendant, Ashley N. Harrison, a/k/a "Nikki", actually did not know that her residence was being used for storing, manufacturing and distributing illegal drugs, she cannot be convicted.  Nor can she be convicted for being stupid or negligent or mistaken.  More is required than that.  A defendant's knowledge of a fact may be inferred from willful blindness to the existence of facts which indicate that there is a high probability that her residence was being used for storing, manufacturing and distributing illegal drugs.  And it is your function to determine whether or not there was a deliberate closing of this defendant's eyes to the conclusions to be drawn from the evidence here.

Taken from United States v. Caminos, 770 F.2d 361, 365-66 (3d Cir. 1985); United States v. Titchell, 261 F.3d 348, 351 (3d Cir. 2001); United States v. Wert-Ruiz, 228 F.3d 250, 255 n.3 (3d Cir. 2000) (willful blindness may apply to conspiracy charges).

## COUNT I - DISTRIBUTION GENERALLY

The crime that the defendants are alleged to have conspired to commit is distribution of cocaine base. The law that prohibits the distribution of controlled substances states, "[I]t shall be unlawful for any person knowingly or intentionally ... to distribute . . . 50 grams or more of a mixture or substance . . . which contains cocaine base."

21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii).

## UNINDICTED, UNNAMED OR
## <u>SEPARATELY TRIED CO-CONSPIRATORS</u>

Now, some of the people who may have been involved in the charged conspiracies are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Pattern Criminal Jury Instructions, 6th Circuit, §3.06.

40

## COUNT I – DEFINITION OF LESSER INCLUDED OFFENSES

(if applicable)

If, after a careful consideration of all of the evidence on Count I of the Indictment, you have a reasonable doubt whether a defendant conspired to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, then you must find that defendant not guilty of Count I.

You may then consider whether that defendant is guilty of the lesser included offense of conspiracy to possess with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base. This offense differs from the offense charged in Count I of the Indictment only in that the Government need only prove that the object of the conspiracy was the distribution of more than five grams of cocaine base – instead of fifty grams. The Government must prove beyond a reasonable doubt all of the other elements of the offense that I have described to you.

Similarly, if after a careful consideration of all of the evidence, you have a reasonable doubt whether a defendant conspired to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, then you must also find that defendant not guilty of that lesser included offense.

You may then consider whether that defendant is guilty of the lesser included offense of conspiracy to distribute or possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine or cocaine base. This offense differs from the offense charged in Count I of the Indictment only in that the Government need only prove that the object of the conspiracy was the distribution of or possession with the intent to distribute any amount of

41

cocaine base, regardless of quantity.  The Government must prove beyond a reasonable doubt all

of the other elements of the elements of the offense that I have described to you.

## SUBSTANTIVE CONTROLLED SUBSTANCE OFFENSES

### COUNTS II, III, IV, and V
### DISTRIBUTION OF 50 GRAMS OR MORE OF COCAINE BASE

In each of Counts II, III, IV, and V of the Indictment, the defendant, Willie Brown, is charged with knowingly distributing 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a controlled substance. Three essential elements must be proved in order to establish this offense. For you to find this defendant guilty of any of these crimes, each of the following elements must be proved by the Government beyond a reasonable doubt:

**First:** That on or about the date charged in the Indictment, the defendant (and someone working for/with him) knowingly distributed a mixture or substance containing a detectable amount of cocaine base.

**Second:** That the defendant knew that what he (and someone working for/with him) distributed was some type of controlled substance.

**Third:** That the substance distributed by the defendant (and someone working for/with him) weighed 50 grams or more.

See 3 L. Sand, *et al.*, Modern Federal Jury Instructions at § 56-2 (2002); O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 64.03 (5th ed.) (citations omitted); United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001); 21 U.S.C. § 841(b)(1)(A).

## COUNTS I – V:
## AIDING AND ABETTING

For you to find the defendant, Ashley N. Harrison, a/k/a "Nikki", guilty of Count I, and for you to find the defendant, Willie Brown, guilty of Counts I – V, it is not necessary for you to find that the defendant personally committed the crime himself or herself. You may also find him or her guilty if he or she intentionally helped [or encouraged] someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find a defendant guilty of any of these Counts as an aider or abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First:      that the charged crime was committed.

Second:     that the defendant knew that the crime was being committed.

Third:  that the defendant helped to commit the crime [or encouraged someone else to commit the crime].

Fourth:     that the defendant intended to help commit [or encourage] the crime.

Proof that a defendant may have known about the crime, even if he or she was there when it was committed, is not enough for you to find him or her guilty.

What the Government must prove is that a defendant did something to help [or encourage] the crime with the intent that the crime be committed.

44

If you are convinced that the Government has proved all of these elements as to a particular charge, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements for a particular charge, then you cannot find the charged defendant guilty as an aider and abettor.

See Pattern Criminal Jury Instructions, 6th Circuit § 4.01.

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 8
## AIDING & ABETTING POSSESSION WITH INTENT TO DISTRIBUTE

A person may be found guilty of possession with intent to distribute cocaine base even if he or she personally did not do every act constituting the offense charged, if he or she aided and abetted the commission of possession with intent to distribute cocaine base.

In order to have aided and abetted the commission of a crime a person must:

*One,* have known (describe principal offense) was being committed or going to be committed; and

*Two,* have knowingly acted in some way for the purpose of causing or aiding the commission of possession with intent to distribute cocaine base, and

*Three,* have knowingly intended to possess with intent to distribute cocaine base, or to have aided someone else to do so.

For you to find the defendant guilty of possession with intent to distribute cocaine base by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the elements of possession with intent to distribute cocaine base were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

The crime that defendants are alleged to have conspired to commit is possession with intent to distribute cocaine base. The elements of possession of cocaine base with the intent to distribute it are:

*One,* a co-conspirator possessed cocaine base. This means either that he or she had it on his or her person or that cocaine base was in a place where the defendant, alone or with others, had the right to exercise control over it; and

*Two,* the defendant knew that he or she or a co-conspirator possessed cocaine base; and

*Three,* he or she intended that he or she or a co-conspirator would transfer some of the cocaine base to at least one other person.

46

If you decide that the Government did not prove each element beyond a reasonable doubt, then you must find the defendant not guilty.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

### Authority And/Or Adapted From

Pattern Jury Instructions, 8th Circuit § 5.01 (*citing* 1A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*: Criminal § 18.01 (5th ed. 2000); Fifth Circuit Pattern Jury Instructions: Criminal § 2.06 (1997); Seventh Circuit Federal Jury Instructions: Criminal § 5.06 (1999); Ninth Cir. Crim. Jury Instr. 5.1 (1997); *United States v. Roan Eagle*, 867 F.2d 436 (8th Cir. 1989). *See generally* West Key # "Criminal Law" 59(5), 67, 814(19), 815(12), 823(16)). Potuto, Saltzburg, and Perlman, <u>Federal Criminal Jury Instructions</u> §41.06 (2nd ed. 1993

## **"DISTRIBUTE" DEFINED**

The term "distribute" as used in these instructions means to deliver or transfer to another, or to pass on or to hand to another, or to cause to be passed on or handed to another, or to try to pass on or hand over to another, narcotics.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs, may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

See 2B O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions ' 56-10 (5th ed.) (citations omitted).

## <u>"CONTROLLED SUBSTANCE" - DEFINED</u>

I instruct you that cocaine base is a Schedule II narcotic controlled substance.

<u>See</u> 21 U.S.C. § 812.

## KNOWLEDGE THAT SUBSTANCE WAS

## <u>A CONTROLLED SUBSTANCE</u>

The Government must prove that a defendant "knowingly" distributed the controlled substances charged in the Indictment.  This means that a defendant distributed the controlled substances purposely and voluntarily, and not by accident or mistake.  It is not necessary, however, for the Government to prove that a defendant knew the precise nature of the controlled substance that was distributed.  The Government need only prove beyond a reasonable doubt that a defendant knew that the substance was some type of controlled substance, for example, cocaine base.

<u>See</u> 2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice & Instructions</u> § 64.15 (5th ed.)(citations omitted).

50

## "QUANTITY" OF COCAINE – DEFINITION

The term "quantity" of a controlled substance means the total weight of any mixtures or substances which contain a detectable amount of that controlled substance.  In other words, if a sample only partially includes cocaine base, and is not 100% pure, the entire weight of the sample should nevertheless be included in your calculation.

## **PROOF OF KNOWLEDGE**

Your decisions regarding a defendant's knowledge, whether that he or she knew the material he or she conspired to distribute or distributed was a controlled substance or that he or she knowingly joined the charged conspiracy, involve decisions about a defendant's state of mind. It is obviously impossible to prove directly the operation of a defendant's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining a defendant's state of mind.

For example, a defendant's behavior may indicate knowledge. It is up to you, based on all the evidence, including the testimony of others, to determine a defendant's knowledge.

2 L. Sand, et al., Modern Federal Jury Instructions, § 56.01 at 56-15 (1990); See United States v. Iafelice, 978 F.2d 92, 97-98 (3d Cir. 1992).

## **OTHER GENERAL OFFENSE INSTRUCTIONS**

### **PROOF OF INTENT**

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his or her state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

See 1 Devitt and Blackmar, Federal Jury Practice and Instructions, 3rd Edition, Section 14.13.

**"ON OR ABOUT"**

You will note the Indictment charges that the various offenses were committed "on or about" different dates. The Government does not have to prove with certainty that the alleged crime occurred on the specific date charged. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

See 1A O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 13.05 (5th ed.).

## **CONSIDERATION OF EVIDENCE**

## **INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime charged.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

Pattern Criminal Jury Instructions, 6th Circuit, §7.01.

## TAPE RECORDINGS AND TRANSCRIPTS

Tape recordings of conversations have been received in evidence and have been played for you during the trial. Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case. The transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcripts is not. If you perceive any difference between the two, you must be guided solely by what you heard on the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken, or if you cannot determine from the tape recording who said a particular word or words, then you must disregard the transcript insofar as those words or that speaker are concerned.

See 1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* ' 14.09 (5th ed.); 3 L. Sand, *et al.*, Modern Federal Jury Instructions at § 56-2 (2002); United States v. DiSalvo, 34 F.3d 1204, 1219-20 (3d Cir. 1994).

## TESTIMONY OF POLICE OFFICERS, DEA AGENTS
## AND OTHER LAW ENFORCEMENT OFFICERS

You have heard the testimony of law enforcement officers, including DEA agents. The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

See also 1 L. Sand et al., Modern Federal Jury Instructions (2002) #7-16.

57

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 13
## LAW ENFORCEMENT WITNESSES

You have heard the testimony of a law enforcement official. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority And/Or Adapted From**
District of Columbia Circuit: Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967)
1 L. Sand, et al., Modern Federal Jury Instructions, Instruction 7-16

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 12
## GOVERNMENT WITNESSES

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that they will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because they want to strike a good bargain with the Government.

So, the jury must determine whether the informer or accomplice's testimony has been affected by self-interest, or by an agreement he has with the Government, or his own interest in the outcome of the case, or by prejudice against the defendants.

**Authority And/Or Adapted From**
Eleventh Circuit Pattern Jury Instruction S1.1.
Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice & Instructions, 15.02 (4th Ed. 1992)

## **EXPERT WITNESS**

In this case, I have permitted [TO BE SUPPLIED] to express [his/her] opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness'[es'] qualifications, [his/her] opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness= testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because you substitute it for your own reasons, judgment and common sense. The determination of the facts in this case rests solely with you.

See 3 L. Sand, *et al.*, Modern Federal Jury Instructions (2002) ' 7-21 (citations omitted).

## **OTHER ACTS OF DEFENDANT**
(To be given if applicable)

You have heard testimony that the defendant committed some acts other than the ones charged in the Indictment.

You cannot consider this testimony as evidence that the defendant is a bad person and therefore committed the crime that he is on trial for now. Instead, you can only consider it in relation to [facts to be inserted as warranted]. Do not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the Indictment, not for the other acts. Do not return a guilty verdict as to a count unless the Government proves a crime charged beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §7.13; *United States v. McGlory*, 968 F.2d 309, 338-39 (3d Cir. 1992); *United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir. 1984), *cert. denied*, 469 U.S. 1107 (1985).

## **TESTIMONY OF AN ACCOMPLICE**

You have heard the testimony of witnesses who may have been involved in the same crimes that the defendant is charged with committing. You also have heard that the witnesses have agreements that potentially will reduce their criminal liability. You should consider the testimony of a person who provides evidence against someone else with the hope that that will allow him to receive a lesser punishment for his own misdeeds or crimes, or for other personal reason or advantage, with more caution than the testimony of other witnesses. You must determine whether the testimony of a witness has been affected by self-interest, or by the agreement he has with the Government, or his own interest in the outcome the case.

You have also heard evidence that a witness has entered into a plea agreement with the Government. Such plea agreements are expressly approved as lawful. Each witness' decision to plead guilty is a personal decision about his own guilt. You may not consider this evidence against the defendant on trial here, nor may you draw any conclusions or inferences of any kind about the guilt of the defendant from the fact that a witness pled guilty to similar charges. The fact that a witness has pleaded guilty to a crime related to that charged in the Indictment is not evidence that the defendant on trial is guilty, and you cannot consider this against the defendant in any way.

The only reason that the plea and the plea agreement were brought out was so that you would know the terms under which the plea was entered, and you could judge for yourselves the credibility and the testimony of the witness.

See Pattern Criminal Jury Instructions, 6th Circuit, §7.08; Universal Rehabilitation Services, Inc., 205 F.3d at 662-63.

## **PAROLE STATUS EVIDENCE**

The Government has introduced evidence that defendant Brown was on probation at the time of the offenses charged in the Indictment. The Government has offered the evidence to show that the defendant intended to act with and through co-conspirators rather than risk engaging in more overt conduct himself. I caution you that you may only consider this evidence for the limited purpose I just described and not to prove that the defendant is a bad person, and thus he was predisposed to do bad things, such as participate in the charged offenses.

Further, you may not discuss, speculate, or consider why the defendant was on probation during your deliberations. In other words, you should consider the evidence that the defendant was on probation only for the specific, limited purpose I have described, and in conjunction with my other instructions. To consider this evidence for any other purpose would be improper.

See United States v. Cruz, 326 F.3d 392, 396 n.3 (3d Cir. 2003).

## DEFENDANT'S FAILURE TO TESTIFY
(if applicable)

A defendant in a criminal case has an absolute right under our Constitution not to testify [or present evidence]. The fact that the defendant did not testify [or present any evidence] must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify. As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sec. 15.14 (5th Ed. 2000 & 2003).

64

## **DEFENDANT'S TESTIMONY**
(if applicable)

You have heard the defendant testify.  The defendant's credibility should be judged in the same way as any other witness.

## **DEFENDANT'S CONVICTION OF A FELONY**
### (if applicable)

You have heard evidence that the defendant was previously convicted of a felony crime.

Evidence that the defendant has been convicted of a felony is one of the circumstances which you

may consider in determining the credibility of the defendant as a witness. Evidence of such an

earlier conviction, however, must never be considered by you as evidence of any kind of the guilt

of the crimes for which the defendant is now on trial. You are specifically forbidden to use this

kind of evidence for that purpose. In other words, you may not use evidence of the earlier

conviction in determining whether or not the defendant committed the crimes charged in the

Indictment.

See 1A O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions ' 15.08 (5th ed.).

66

## **DELIBERATIONS AND VERDICT**

### **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.01

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 14
### DELIBERATION

It is your duty, as jurors, to talk with one another and to deliberate in the jury room. You should try to reach an agreement if you can. Each of you must decide the case for yourself, but only after consideration of the evidence with the other members of the jury. While this is going on, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you are wrong. But do not give up your honest beliefs solely because others think differently, or merely to get the case over with. In a very real sense you are the judges, judges of the facts. Your only interest is to determine whether the Government has proven the defendant guilty beyond a reasonable doubt.

**Authority And/Or Adapted From**
Federal Judicial Center, Pattern Jury Instructions, Instruction 10

**DEFENDANT'S PROPOSED INSTRUCTION NUMBER 16**
**ALIBI**


You have heard evidence that the defendant was not present at the time and place where the offense charged in the indictment is said to have been committed. The Government must prove beyond a reasonable doubt the defendant's presence at the time and place of the offense.


**Authority And/Or Adapted From**
Pattern Jury Instructions, 7th Circuit § 6.03


69

## UNANIMOUS VERDICT

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves that defendant's guilt beyond a reasonable doubt as to the crime charged in that Count of the Indictment.

To find a defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of each defendant with respect to each Count of the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each charge of the Indictment.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.03

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.04

## DEFENDANT'S PROPOSED INSTRUCTION NUMBER 15
## DUTY TO CONSULT AND NEED FOR UNANIMITY

To prevail, the Government must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, your verdict must be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation-to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence-if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion made which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

### Authority And/Or Adapted From
Second Circuit: <u>United States v. Corr</u>, 543 F.2d 1042 (2nd Cir. 1976).
1 L. Sand, et al., <u>Modern Federal Jury Instructions,</u> Instruction 9-7.

## **PUNISHMENT**

If you decide that the Government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendants guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.05

73

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the Government has proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

If you decide that the Government has proven a charge against a defendant beyond a reasonable doubt, I have included a series of additional questions called "interrogatories" for you to answer about the facts of this case. If you find that the Government has proven a particular fact beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proven a particular fact beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.06

74

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved a defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.09

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _Douglas E. McC_____

Douglas McCann
Beth Moskow-Schnoll
Assistant United States Attorneys

Dated: March 1, 2007

75