IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA      :

     :

     v.      :      CRIMINAL NO. 06-50 (GMS)

     :

     :

ASHLEY HARRISON      :

**DEFENDANT ASHLEY HARRISON'S MOTION _IN LIMINE_
TO PRECLUDE THE GOVERNMENT FROM USING EVIDENCE
OF OTHER CRIMES, WRONGS OR ACTS**

Defendant, Ashley Harrison, by and through her counsel, Johanna E. Markind, Esquire, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and Federal Rule of Evidence 404(b), for an order precluding the government from introducing evidence of other crimes, wrongs, or acts, as evidence at trial for any purpose including rebuttal, cross-examination or impeachment. In support thereof, defendant Harrison states the following:

     1.      This matter concerns defendant's alleged participation in a conspiracy to distribute crack cocaine by making her home available for distribution.

     2.      During prior hearings, the government has referred to a pending charge against defendant Harrison in state court, concerning Harrison's alleged disposal of a gun. This charge remains unproven.

     3.      Defendant has previously asked the government about its intentions as to using this information at trial. On or about July 31, 2007, defendant filed a motion seeking disclosure of such government intent. To date, the government has not committed itself one way or the other.

4.      Before evidence of "other crimes, wrongs, or acts" of the defendant may be admitted under Rule 404(b), the government must first demonstrate how the proffered evidence is relevant to an issue in the case.  In demonstrating the relevance of proffered other acts evidence, the government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts.  Moreover, there must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.  Furthermore, before such evidence is properly admitted, it must tend to establish intent, knowledge, motive, or one of the enumerated exceptions to Rule 404(b).  The evidence must have real probative value, not just possible worth; and must be reasonably close in time to the crime charged.  Finally, even if the Court determines that the other acts evidence satisfies the criteria for admission under Rule 404(b), it must balance the evidence's probative value against its prejudicial effect under Rule 403 of the Federal Rules of Evidence.  *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988).  *See also Huddleston v. U.S.*, 484 U.S. 894 (1988).

5.      The government has made no such case and should therefore be precluded from introducing evidence of the incident concerning disposal of the gun.

WHEREFORE, the defendant Ashley Harrison respectfully requests that this motion be granted and that the government be precluded from introducing evidence of other crimes, wrongs, or acts, as evidence at trial for any purpose including rebuttal, cross-examination or impeachment.

Respectfully submitted,

Johanna E. Markind, Esquire

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA           :

                                 :

v.                               :        CRIMINAL NO. 06-50 (GMS)

                                 :

                                 :

ASHLEY HARRISON                :

### MEMORANDUM IN SUPPORT OF DEFENDANT ASHLEY HARRISON'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM USING EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS

### FACTS

This matter concerns defendant's alleged participation in a conspiracy to distribute crack cocaine by making her home available for distribution.

During prior hearings, the government has referred to a pending charge against defendant Harrison in state court, concerning Harrison's alleged disposal of a gun. This charge remains unproven. Defendant has previously asked the government about its intentions as to using this information at trial. On or about July 31, 2007, defendant filed a motion seeking disclosure of such government intent. To date, the government has not committed itself one way or the other.

### ARGUMENT

a.      The government is required to provide prior notice and it has not done so.

According to Rule 404(b), upon request by the accused, the government is required to provide notice of its intent to offer evidence of prior bad acts. Here, defendant has repeatedly requested this information dating back to July, 2006, and the government has still provided no notice. Therefore, it should be precluded from offering such evidence.

b.      It is the government's burden in the first instance to demonstrate relevance and it has not done so.

Even if the government had provided such notice, before evidence of "other crimes, wrongs, or acts" of the defendant may be admitted under Rule 404(b), the government must first demonstrate how the proffered evidence is relevant to an issue in the case. In demonstrating the relevance of proffered other acts evidence, the government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. There must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.

Furthermore, before such evidence is properly admitted, it must tend to establish intent, knowledge, motive, or one of the enumerated exceptions to Rule 404(b). The evidence must have real probative value, not just possible worth; and must be reasonably close in time to the crime charged.

Here, the relationship of a situation involving disposal of a gun and the current charge is non-existent or, at best, very slight. The prior situation has no relevance to this case.

c.      Even if the government could show relevance, it could not outweigh the prejudice likely to result.

Finally, even if the Court determines that the other acts evidence satisfies the criteria for admission under Rule 404(b), it must balance the evidence's probative value against its prejudicial effect under Rule 403 of the Federal Rules of Evidence. Rule 403 of the Federal Rules of Evidence provides that evidence of a prior bad act should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988). *See also Huddleston v. United States*, 484 U.S. 894 (1988).

A purported connection between defendant and allegedly illegal conduct tied to a gun is likely to be highly prejudicial and cast her in the light of a criminal element.

THEREFORE, the defendant Ashley Harrison respectfully requests that this motion be granted and that the government be precluded from introducing evidence of other crimes, wrongs, or acts, as evidence at trial for any purpose including rebuttal, cross-examination or impeachment.

Respectfully submitted,

Johanna E. Markind, Esquire

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing motion upon the following persons by United States first class mail, postage pre-paid, to:

Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899

Elliott M. Cohen, Esquire
15th Street & John F. Kennedy Boulevard
Suite 1516
Philadelphia, PA  19102

Date: Johanna E. Markind, Esquire
1500 Walnut Street – Suite 1100
Philadelphia, PA   19102
(215) 546-2212

Date: February 28, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA      :

                     :

     v.                   :          CRIMINAL NO. 06-50 (GMS)

                     :

                     :

ASHLEY HARRISON          :

## ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of defendant Ashley Harrison's motion *in limine* to preclude the government from introducing evidence of other crimes, wrongs, or acts, as evidence at trial for any purpose including rebuttal, cross-examination or impeachment, it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.