IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 06-50 (GMS) |
| | : |
| ASHLEY HARRISON | : |

**DEFENDANT ASHLEY HARRISON'S MOTION *IN LIMINE*
TO ALLOW USE OF STATEMENTS OF CO-DEFENDANT WILLIE BROWN**

For the reasons set forth in the accompanying memorandum, defendant Ashley Harrison respectfully requests that the Court enter the attached form of order granting her motion pursuant to Federal Rules of Evidence 801(d)(2) and 804(b)(3), for an order authorizing the use of prior statements by co-defendant Willie Brown and conversations between defendants Ashley Harrison and Willie Brown.

Respectfully submitted,

Johanna E. Markind, Esquire

FILED
MAY - 2 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
ASHLEY HARRISON'S MOTION *IN LIMINE*
TO ALLOW USE OF STATEMENTS OF CO-DEFENDANT WILLIE BROWN**

FACTS

The indictment in this matter alleges that defendant Ashley a/k/a "Nikki" Harrison operated a 'crack house' in Dover, Delaware, during the period November, 2005, through April, 2006, by allegedly making her home available to defendant Willie Brown and his cohorts for distribution of drugs.

After his arrest, Brown held several telephone conversations with his friend Dontaye Sturgis, some of which included defendant Harrison as well. These conversations were recorded. During the conversations, Brown stated that Harrison was not involved in criminal activity. For example, in one such call (identified as file number 227233), Brown states:

| Minute Marker | Comment |
|---|---|
| 5:56 | "Nikki ain't never did shit… Nikki ain't never did nothing." |
| 7:53 – 8:02 | "She don't know shit.  Nikki wasn't involved in shit." |
| 9:08 – 9:11 | "Nikki ain't been involved in nothing." |
| 10:24 | "There ain't nothing to charge her with." |

Similarly, in another call (file number 227415), Brown states that Harrison "ain't got nothing to tell" (approximately located at minute marker 8:32).

ARGUMENT

Out-of-court statements are admissible where they are (i) admissions of a party opponent (F.R.E. 801(d)(2)) or (ii) statements against interest (F.R.E. 804(b)(3)). In the former case they are not considered hearsay at all. In the latter case, they are admissible where the declarant is unavailable. In this case, Brown's status as a co-defendant prevents Harrison from compelling him to testify in this matter.

By implication, Brown's comments constitute admissions that he *was* involved, or at least suggest it so strongly that they must be considered admissions against interest pursuant to Rule 804(b)(3) of the Federal Rules of Evidence. Rule 804 requires only that the statement "tend[] to expose the declarant to criminal liability." *See United States v. Slaughter*, 891 F.2d 691, 698 (9th Cir. 1989) ("We do not believe, however, that Rule 804(b)(3) was intended to apply only to statements which amount to direct confessions of criminal responsibility. Otherwise Congress would not have used the broadly worded phrase 'tended to subject'"). *See also United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir. 1990) (statement is against interest if a reasonable person in declarant's position would not have made the statement unless the declarant believed it to be true).

The background of the tapes also provides the corroborating circumstances required by Rule 804(b)(3) (but not Rule 801(d)(2)). The tapes were made by the government, which cannot realistically argue that the tapes are inaccurate records of what was said. They were not made to the government, and are not part of an attempt to implicate someone else so as to curry favor with the government. Furthermore, review of other recorded calls does not reveal a generalized trend of exonerating other co-defendants.[1] This very selectivity argues for the accuracy of the

---

[1] Undersigned counsel does not claim to have listened to all of the calls, but has listened to some 35 calls lasting approximately 9 hours.

statement. Given the totality of the circumstances, the tendency of Brown's statement to implicate himself while exculpating Harrison provides the corroborating circumstance to satisfy the evidentiary rule.

Conversely, exclusion of the evidence would likely deprive Harrison of her Constitutional rights to present witnesses and evidence in her defense. *See Slaughter* (exclusion of statements held to have deprived defendant of "crucial evidence" in his defense). "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (*quoted in Slaughter*).

THEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court enter the attached form of order authorizing the use of prior statements by co-defendant Willie Brown and conversations between defendants Ashley Harrison and Willie Brown.

Respectfully submitted,

Johanna E. Markind, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing motion upon the following persons by United States first class mail, postage pre-paid, to:

    Douglas E. McCann, Esquire (AUSA)
    U. S. Attorney's Office
    The Nemours Building
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, DE  19899

    Elliott M. Cohen, Esquire
    15th Street & John F. Kennedy Boulevard
    Suite 1516
    Philadelphia, PA  19102

Date: May 1, 2007

                                        Johanna E. Markind, Esquire
                                        1500 Walnut Street – Suite 1100
                                        Philadelphia, PA   19102
                                        (215) 546-2212

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 06-50 (GMS) |
| | : |
| ASHLEY HARRISON | : |

### ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of defendant Ashley Harrison's motion *in limine* pursuant to Federal Rules of Evidence 801(d)(2) and 804(b)(3), for an order authorizing the use of prior statements by co-defendant Willie Brown and conversations between defendants Ashley Harrison and Willie Brown, it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.