IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

### AMENDED MEMORANDUM IN SUPPORT OF DEFENDANT ASHLEY HARRISON'S MOTION *IN LIMINE* TO ALLOW USE OF STATEMENTS OF CO-DEFENDANT WILLIE BROWN

#### FACTS

The indictment in this matter alleges that defendant Ashley a/k/a "Nikki" Harrison operated a 'crack house' in Dover, Delaware, during the period November, 2005, through April, 2006, by allegedly making her home available to defendant Willie Brown and his cohorts for distribution of drugs.

After his arrest, Brown held several telephone conversations with his friend Dontaye Sturgis, some of which included defendant Harrison as well. These conversations were recorded. During the conversations, Brown stated that Harrison was not involved in criminal activity. For example, in one such call (identified as file number 227233), Brown states:

| Minute Marker | Comment |
|---|---|
| 5:56 | "Nikki ain't never did shit… Nikki ain't never did nothing." |
| 7:53 – 8:02 | "She don't know shit. Nikki wasn't involved in shit." |
| 9:08 – 9:11 | "Nikki ain't been involved in nothing." |
| 10:24 | "There ain't nothing to charge her with." |

Similarly, in another call (file number 227415), Brown states that Harrison "ain't got nothing to tell" (approximately located at minute marker 8:32).

## ARGUMENT

### Brown's statements are admissible as admissions/statements against penal interest

Out-of-court statements are admissible where they are (i) admissions of a party opponent (F.R.E. 801(d)(2)) or (ii) statements against interest (F.R.E. 804(b)(3)). In the former case they are not considered hearsay at all. In the latter case, they are admissible where the declarant is unavailable. In this case, Brown's status as a co-defendant prevents Harrison from compelling him to testify in this matter.

By implication, Brown's comments constitute admissions that he *was* involved, or at least suggest it so strongly that they must be considered admissions against interest pursuant to Rule 804(b)(3) of the Federal Rules of Evidence.

Rule 804 requires only that the statement "tend[] to expose the declarant to criminal liability." *See United States v. Barrett*, 539 F.2d 244, 251 (1st Cir. 1976); *United States v. Slaughter*, 891 F.2d 691, 698 (9th Cir. 1989) ("We do not believe, however, that Rule 804(b)(3) was intended to apply only to statements which amount to direct confessions of criminal responsibility. Otherwise Congress would not have used the broadly worded phrase 'tended to subject'"). *See also United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir. 1990) (statement is against interest if a reasonable person in declarant's position would not have made the statement unless the declarant believed it to be true).

In *Barrett*, the First Circuit reversed the trial court's refusal to let a defendant present evidence of the out of court statements of one Ben Tilley, an alleged co-conspirator in the theft of postage stamps. Specifically, the evidence was that Tilley said "'that [Melvin], Tilley and Buzzy [Adams] were going to have some trouble from the people from California' with respect

to the 'stamp theft or matter' and that '[Melvin] asked him did he mean Bucky or Buzzy, and then he said, "No, Bucky [Barrett] wasn't involved. It was Buzzy"'" *Id*. at 249.

The First Circuit held that the statement should have been admitted under Rule 804(b)(3) as a statement against penal interest.

> We think that Tilley's alleged remarks sufficiently tended to subject him to criminal liability "that a reasonable man in his position would not have made the statement unless he believed it to be true." *Although the remarks did not amount to a clear confession to a crime* as did the declarations in cases like *Donnelly* and *Chambers v. Mississippi, supra, we do not understand the hearsay exception to be limited to direct confessions.* See Note, *Declarations Against Penal Interest: Standards of Admissibility Under an Emerging Majority Rule*, 57 Boston U.L. Rev. 148, 158 (1976). A reasonable person would have realized that remarks of the sort attributed to Tilley strongly implied his personal participation in the stamp crimes and hence would tend to subject him to criminal liability. Though by no means conclusive, the statement would be important evidence against Tilley were he himself on trial for the stamp crimes.

*Id*. at 251 (*emphasis added*).

> Nor do we overlook the fact that exculpating Barret was not in itself against Tilley's interest, since both could have participated in the crime.... the Buzzy-Bucky statement, especially in context, is itself arguably disserving to Tilley, since it strengthened the impression that he had an insider's knowledge of the crimes.

*Id*. at 252.

Likewise, in this case, Brown's comments are at a minimum admissions that he knew so much about the crime that he knew who was guilty and who was not, against whom there might be evidence and against whom there was not evidence. Thus, they are against Brown's penal interest.

The background of the tapes also provides the corroborating circumstances required by Rule 804(b)(3) (but not Rule 801(d)(2)). The tapes were made by the government, which cannot realistically argue that the tapes are inaccurate records of what was said. They were not made to the government, and are not part of an attempt to implicate someone else so as to curry favor

3

with the government. Furthermore, review of other recorded calls does not reveal a generalized trend of exonerating other co-defendants.[1] This very selectivity argues for the accuracy of the statement. Given the totality of the circumstances, the tendency of Brown's statement to implicate himself while exculpating Harrison provides the corroborating circumstance to satisfy the evidentiary rule.

<u>Excluding the evidence would violate Harrison's Due Process and Sixth Amendment Rights</u>

Conversely, exclusion of the evidence would deprive Harrison of her constitutional rights to present witnesses and evidence in her defense. "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

Last year in *Holmes v. South Carolina*, 547 U.S. 319 (2006), the Supreme Court vacated a conviction on the basis of the trial court's exclusion of evidence of a third party's guilt. While showing deference to the state's evidentiary rules, the Court held that their application was limited by constitutional guarantees protections guaranteeing a criminal defendant the right to present a complete defense. The latter 'trumped' the former.

Among the cases cited by the Court was the *Chambers* case cited above. In *Chambers*, the Court held that the failure to allow the defendant to introduce hearsay statements of another man's guilt violated "traditional and fundamental standards of due process" **although the state did not even have a hearsay exception for statements against penal interest**. *See also Slaughter* (exclusion of statements held to have deprived defendant of "crucial evidence" in his defense).

---

[1] Undersigned counsel does not claim to have listened to all of the calls, but has listened to some 35 calls lasting approximately 9 hours.

Likewise, here, barring Harrison from introducing statements of the alleged ringleader exculpating her from involvement in this matter would deny her the most basic trial rights, including the right to have compulsory process for obtaining witnesses in her favor, and result in a trial that is fundamentally unfair. Fortunately, there is an applicable hearsay exception, so there is no real conflict between defendant's constitutional protections and the evidentiary rules.

THEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court enter the form of order previously submitted, authorizing the use of prior statements by co-defendant Willie Brown and conversations between defendants Ashley Harrison and Willie Brown.

Respectfully submitted,

_____
Johanna E. Markind, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing document upon the following persons by United States first class mail, postage pre-paid, to:

Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899

Elliott M. Cohen, Esquire
15th Street & John F. Kennedy Boulevard
Suite 1516
Philadelphia, PA  19102

Date: May 4, 2007

Johanna E. Markind, Esquire
1500 Walnut Street – Suite 1100
Philadelphia, PA  19102
(215) 546-2212