IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

### DEFENDANT ASHLEY HARRISON'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO ALLOW USE OF TAPED STATEMENTS

For the reasons set forth in the accompanying memorandum, defendant Ashley Harrison respectfully requests that the Court enter the attached form of order denying the government's pending motion to admit taped statements of Willie Brown and Ashley Harrison.

Respectfully submitted,

*/s/ Johanna E. Markind*
Johanna E. Markind, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ASHLEY HARRISON'S
RESPONSE IN OPPOSITION TO THE GOVERNMENT'S
MOTION *IN LIMINE* TO ALLOW USE OF TAPED STATEMENTS**

There are basically two reasons why the government's argument for admission of hearsay statements fails as against Harrison: first, it relies on inadmissible evidence; second, it contains no independent corroboration of Harrison's "knowledge of and participation in" the alleged conspiracy.

<u>The 'foundation' relies on inadmissible evidence</u>

The government must lay a foundation based on *admissible* evidence. *United States v. Palumbo*, 639 F.2d 123 (3rd Cir. 1981). Here, the government has attempted to provide a foundation based on:

- Hearsay statements of an unnamed undercover agent and reference to a confidential source that certain drug-related activities happened outside Harrison's house. Unnamed, unidentified witnesses may not testify in Court.

- Co-defendant Marty Eaton's hearsay description of a conversation between Brown and Harrison, which is the subject of a pending motion *in limine* filed by Harrison. Moreover, Eaton has 'mental health issues' as the government phrases it and may very well not qualify as a competent witness (Exhibit "A").

- Statements of co-defendants Tatman and Eaton that Brown cooked crack in Harrison's home, which statements the government indicated it would not use during the January 9, 2007, hearing before the Court.

This is not proper evidence and cannot support the admission of other improper evidence.

<u>The government has proffered no independent evidence that Harrison voluntarily & intentionally joined a conspiracy to distribute crack</u>

The central weakness of the government's argument for admission of hearsay statements as against Harrison is that it cannot meet its burden of proving, even by a preponderance standard, that Harrison was a knowing and voluntary member of the conspiracy alleged in the indictment.

The gravamen of a conspiracy charge, as noted in the jury instructions both sides have proffered, is that Harrison voluntarily and intentionally joined in an agreement or understanding, and knew the purpose of the agreement or understanding – in this case, to distribute drugs. The government's only evidence concerning whether Harrison voluntarily and intentionally joined such a conspiracy, at least apart from the tapes themselves, is Eaton's hearsay statement that in the summer of 2005, Harrison asked Brown whether he was selling drugs in her house. This statement – which is itself inadmissible hearsay for the reasons set forth in defendant's previously-filed motion – boils down to Harrison implicitly telling Brown he did *not* have permission to use her house to sell drugs.

The hearsay statements themselves cannot provide the missing evidence of Harrison's knowing participation. While it is true *Bourjailly* held that the hearsay statements at issue may be considered with other evidence in laying a foundation, it did not hold that the statements may lay the foundation by themselves. "Since *Bourjailly*, all circuits addressing the issue have explicitly held absent some independent, corroborating evidence of **defendant's knowledge of and participation in** the conspiracy, the out-of-court statements remain inadmissible." *United States v. Clark*, 18 F.3d 1337, 1341-42 (6th Cir. 1994) (*emphasis added*). See *United States v. Gambino*, 926 F.2d 1355, 1361 n.5 (3rd Cir.), *cert. denied*, 112 S. Ct. 415 (1991); *United States v.*

2

*Tellier*, 83 F.3d 578, 580 (2nd Cir. 1996) ("there must be some independent corroborating evidence of the defendant's participation in the conspiracy").

Instead, the government relies on evidence that certain things happened outside and (via unreliable and inadmissible evidence) inside Harrison's home, with no evidence that Harrison either knew of, or approved of, those actions. That does not satisfy the requirement of 'independent, corroborating evidence of defendant's knowledge of and participation in the conspiracy.' Indeed, the government has not even claimed Harrison was present at the time of those activities. As Harrison's filed notice of alibi suggests, Harrison can and will show that during substantial portions of time she was *not* present in her home.

THEREFORE, defendant Ashley Harrison respectfully requests that this Honorable Court enter the attached form of order denying the government's motion *in limine* to use prior statements by co-defendant Willie Brown and conversations between defendants Ashley Harrison and Willie Brown.

Respectfully submitted,

_____
Johanna E. Markind, Esquire



U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building(302) 573-6277
1007 Orange Street, Suite 700FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

April 19, 2007

**BY FIRST CLASS MAIL**

Johanna Markind, EsquireElliot Cohen, Esquire
1500 Walnut Street Suite 1100Two Penn Center Plaza
Philadelphia, PA 1910215th & JFK Boulevard, Suite# 1516
Philadelphia, Pennsylvania 19102

Re:United States v. Brown et al., Cr. A. No. 06-50 GMS

Dear Ms. Markind and Mr. Cohen:

At his Rule 11 hearing, defendant Marty Eaton indicated that he had been previously treated for mental health issues at Delaware State Hospital. The government sent a subpoena to the hospital seeking any relevant records. The response is enclosed, Bates 00001089.

Sincerely yours,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Douglas E. McCann
Assistant United States Attorney

Enclosure

cc:Beth Moskow-Schnoll, AUSA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

## ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of the government's pending motion *in limine* for a conditional ruling to admit taped statements of Harrison and co-defendant Willie Brown, it is hereby ORDERED that the motion is DENIED.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing motion response upon the following persons by United States first class mail, postage pre-paid, to:

    Douglas E. McCann, Esquire (AUSA)
    U. S. Attorney's Office
    The Nemours Building
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, DE  19899

    Elliott M. Cohen, Esquire
    15th Street & John F. Kennedy Boulevard
    Suite 1516
    Philadelphia, PA  19102

Date: May 11, 2007

    Johanna E. Markind, Esquire
    1500 Walnut Street – Suite 1100
    Philadelphia, PA  19102
    (215) 546-2212