IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-50-06 GMS |
| ASHLEY N. HARRISON, a/k/a "Nikki," | : |
| Defendant | : |

**UNITED STATES' RESPONSE TO DEFENDANT HARRISON'S
MOTION IN LIMINE REGARDING USE OF PRIOR STATEMENTS**

COMES NOW, the United States, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann and Beth Moskow-Schnoll, Assistant United States Attorneys for the District of Delaware, and hereby responds to defendant Ashley N. Harrison's Motion in Limine Regarding Use of Prior Statements (D.I. 157) and Amended Memorandum in Support (D.I. 161) as follows:

Defendant seeks to introduce at trial statements by co-defendant Willie Brown. The specific statements identified in Defendant's papers are:

a. Nikki ain't never did shit . . . Nikki ain't never did nothing.
b. She don't know shit. Nikki wasn't involved in shit.
c. Nikki ain't been involved in nothing.
d. There ain't nothing to charge her with.

The statements were made by Brown from prison and were recorded by prison authorities.

**Legal Standard**

Defendant Harrison seeks to admit the statements as a statement against interest under Rule 804(b)(3) of the Federal Rules of Evidence.[1] Rule 804 provides:

---

[1] Defendant Harrison also cites to Rule 801(d)(2) (admission by a party opponent) but makes no substantive argument as to how the statements would be admissible under that Rule.

**Rule 804(b)(3). Statement against interest**

. . .

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . .
>
> (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

The United States Court of Appeals for the Third Circuit has articulated a four part test for admissibility of statements under this Rule:

> (1) the declarant is unavailable as a witness;
>
> (2) the statement is so far contrary to his pecuniary, proprietary or penal interest that a reasonable person in the declarant's position would not have made the statement unless believing it to be true;
>
> (3) the trustworthiness and reliability of the statement is corroborated by the totality of circumstances in the case; and
>
> (4) the declarant had personal knowledge.

See *In re Flat Glass Antitrust Litigation*, 385 F.3d 350, 373 (3d Cir. 2004) (citations and quotations omitted). The Third Circuit has also observed that the second and third requirements are "somewhat redundant" and often require " 'a sensitive analysis of the circumstances in which the statement was made and the precise nature of the statement.' " *Id.* (citations omitted).

## Analysis

### The Proffered Statements Are not Inculpatory to Brown

The proffered statements are plainly hearsay and should not be admitted. First, they are not "so far" contrary to Brown's penal interest that "a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3). In the proffered statements, Brown says nothing whatever about his own conduct. Indeed, considering that Brown is accused of being in a conspiracy with Harrison, Brown's statements that she did nothing (i.e., she is not a co-conspirator) tend to exculpate him. In *United States v. Ramsey*, 999 F.2d 348 (8th Cir. 1993), Ramsey was charged with conspiracy to distribute cocaine base and using a firearm in relation to a narcotics trafficking offense. At trial, Ramsey sought to introduce testimony by his girlfriend that Steven Love, an alleged co-conspirator told her that Ramsey was not present during a drug transaction. *Id.* at 350-51. The district court refused to admit the testimony. On appeal, Ramsey argued that any statement by Love regarding Ramsey's lack of involvement was inculpatory for Love and exculpatory for Ramsey – essentially the argument defendant Harrison makes here. *Id.* The Eight Circuit rejected this argument, stating "[w]e do not follow the logic of this argument. Love's statement that he was present is certainly a statement against his interest, but his statement that Ramsey was not is not such a statement." *Id.* at 351.

The defendant's authority is not to the contrary. In *United States v. Barrett*, the deceased declarant Tilley stated "'that [Melvin], Tilley [the declarant], and Buzzy (Adams) were going to have some trouble from the people from California' with respect to the 'stamp theft or matter' and that '(Melvin) asked him did he mean Bucky [the defendant] or Buzzy, and then he said,

'No, Bucky (Barrett) [the defendant] wasn't involved. It was Buzzy.'" 539 F.2d 244, 249 (1st Cir. 1976). In essence, Tilley said "Tilley, Melvin and Buzzy were involved, but Bucky was not." The First Circuit held that the statement should have been admitted (including the exculpatory statement that the defendant "Bucky" was not involved) because "[a] reasonable person would have realized that remarks of the sort attributed to Tilley strongly implied his personal participation in the stamp crimes and hence would tend to subject him to criminal liability. Though by no means conclusive, the statement would be important evidence against Tilley were he himself on trial for the stamp crimes." *Id.* at 251. In contrast, Brown's statements do not imply his culpability - they don't discuss anything he did, or, for that matter, anything that anybody else did. Unlike Tilley's statement, Brown's statements would not be (and are not) "important evidence" against Brown at his trial because they say nothing about him at all.[2]

**The Proffered Statements are not Trustworthy**

Rule 804(b)(3) specifically requires corroborating evidence with respect to the trustworthiness and reliability of the proffered statement when a statement is offered to exculpate an accused. Fed. R. Evid. 804(b)(3); *In re Flat Glass Antitrust Litigation*, 385 F.3d at 373. In this case, the statements are not trustworthy or reliable. First, these statements were made post-indictment when Brown was aware not only that he was under investigation, but that both he and Harrison had been charged as co-conspirators. Second, Brown was on notice at the time he made the call from prison that the call was likely being recorded. At the beginning of each call, an automated voice states

---

[2] In a trial against Brown, it would not be terribly persuasive to argue to a jury that they should find Brown guilty because he said that Harrison did nothing.

4

| | |
|---|---|
| **Automated Voice:** | you have a collect call from . . . |
| **Willie Brown:** | . . .Willie . . . |
| **Automated Voice:** | . . .at the Salem County Correctional Facility. This call may be monitored or recorded. |

Under such circumstances, the existence of improper motive is manifest and the statements (which are not subject to cross-examination) are unreliable hearsay that should not be admitted.

**No Constitutional Right is Violated By Excluding the Statements**

Defendant Harrison also contends that exclusion of this evidence will deprive her of her constitutional right to present evidence and witnesses in her defense. In support of this proposition, she cites *Chambers v. Mississippi*, 410 U.S. 284 (1973) and *Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727 (2006).

In *Chambers*, the defendant was charged with the murder of Liberty. *Chambers*, 410 U.S. at 285-86. Prior to the trial, the defense learned that McDonald confessed to the crime on four separate occasions, including one confession made under oath. *Id.* at 287-89. McDonald was arrested, but recanted his confession at the preliminary hearing, and was released. *Id.* at 288. At Chambers' trial, the defense called McDonald. *Id.* at 291. On direct examination, the defense successfully admitted McDonald's sworn confession. *Id.* On cross-examination, the prosecution elicited the recantation. *Id.* At that point, the defense renewed a previously filed motion asking to treat McDonald as a hostile witness and impeach him with his other confessions. *Id.* at 291-92. The defense was precluded from doing so because Mississippi still had a "voucher" rule that prohibited a calling party from impeaching his own witness.[3] *Id.* at 294. Chambers also sought to admit McDonald's other confessions, but was unable to do so because Mississippi evidence

---

[3]The Federal Rules of Evidence eliminated the "voucher" rule in federal cases. *See* Fed. R. Evid. 607.

rules did not contain an exception for statements against penal interest. *Id.* at 292-94.

In assessing the propriety of the exclusion of the confession evidence, the Supreme Court found that each of the hearsay statements were made under circumstances that "provided considerable assurance of their reliability." *Id.* at 300. First, they were made spontaneously shortly after the crime was committed. Second, each statement was corroborated by other evidence in the case (McDonald's sworn confession, the testimony of an eyewitness to the shooting, and evidence concerning McDonald's gun ownership). Third, each confession "was in a very real sense self-incriminatory and unquestionably against interest." *Id.* at 300-01. Finally, the Court noted that McDonald was available for trial, and could have been cross-examined by the State where the jury could have assessed his demeanor and responses for itself. *Id.* at 301. In short, the Supreme Court did not adopt a *per se* rule that defendants are entitled to present exculpatory hearsay. Rather, the Court engaged in an analysis similar to the analysis Rule 804(b)(3) requires of this Court and concluded that because the statements bore "persuasive assurances of trustworthiness" and thus were "well within the basic rationale of the exception for declarations against interest[,]" it was a violation of Chambers' right to a fair trial to exclude them merely because the State rules of evidence did not contain a "declaration against penal interest" hearsay exception. *Id.* at 302-03. In this case, as the government demonstrated above, the proffered statements are not against Brown's penal interest, were not made in circumstances that provide persuasive assurances of trustworthiness, and are not subject to cross-examination. Nothing in *Chambers* requires their admission.

In *Holmes v. South Carolina*, the defendant was charged with the rape and murder of an elderly woman. 126 S.Ct. at 1730. At trial, Holmes sought to introduce evidence that another

6

man, White, had attacked the victim. *Id.* at 1730. The evidence included testimony that White was seen in the victim's neighborhood on the day of the assault, and the testimony of four witnesses who were prepared to testify that White said Holmes was innocent, or that White had actually admitted to the murder. *Id.* at 1730-31. The defense also offered evidence that the police had framed Holmes. *Id.* The trial court excluded this "third party guilt" evidence based on South Carolina precedent holding, in essence, that defense third party guilt evidence should be excluded where the prosecution has a particularly strong case. *Id.* at 1731, 1734.

The Supreme Court recognized that state and federal rulemakers have broad latitude in establishing rules excluding evidence from criminal trials. *Id.* at 1731. The Court also recognized that such rules can infringe on the right of the accused to a fair trial when they are "arbitrary" or disproportionate to the purposes they are designed to serve." *Id.* The Court found that evidentiary rules must be applied in a manner that "rationally serves" the end that the rule is designed to promote. *Id.* at 1734. Thus, in *Holmes*, the Court concluded that, properly construed, "third party guilt" rules can permit the trial court to exclude evidence that does not "[tend to] clearly . . . point out such other person as the guilty party." Because the trial court improperly based its assessment not on the probative value of the proffered evidence but rather on the trial court's view of the strength of the prosecution's evidence, the trial court applied the "third party guilt" rule in an arbitrary way that did not rationally serve the end the rule was designed to promote. *Id.*

In this case, the hearsay rules exist to prevent unsworn, out of court testimony from being admitted unless the proffering party can establish its reliability and trustworthiness through the proper application of an exception to the hearsay rule. Defendant Harrison offers Brown's

7

statements as statements against penal interest, but cannot, as the government demonstrated above, satisfy the requirements of the rule. The exclusion of that evidence through the proper application of the hearsay rules is not arbitrary, and would rationally serve the end of preventing unreliable and untrustworthy evidence from being presented to the trier of fact. Its exclusion, therefore, would not violate any constitutional right.

WHEREFORE, the government respectfully requests that the Court deny the Motion in Limine.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Douglas E. McCann
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19801

DATED:   May 18, 2007

## CERTIFICATE OF SERVICE

I, Douglas E. McCann, hereby certify that I caused the foregoing

**UNITED STATES' RESPONSE TO DEFENDANT HARRISON'S MOTION IN LIMINE REGARDING USE OF PRIOR STATEMENTS**

to be served this 18th day of May, 2007, on the following counsel in the manner indicated.

BY FIRST CLASS MAIL

Johanna Markind, Esquire
1500 Walnut Street Suite 1100
Philadelphia, PA 19102

Elliot Cohen, Esquire
Two Penn Center Plaza
15th & JFK Boulevard, Suite# 1516
Philadelphia, Pennsylvania 19102

_____
Douglas E. McCann