IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

**DEFENDANT ASHLEY HARRISON'S MOTION TO DISMISS
FOR VIOLATION OF SPEEDY TRIAL ACT &
FOR VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL**

Defendant, Ashley Harrison, by her counsel, Johanna E. Markind, Esquire, hereby makes this motion to dismiss for violation of the Speedy Trial Act and for violation of her Sixth Amendment right to speedy trial, and in support thereof states as follows:

1. Harrison was arrested in May, 2006. She has been incarcerated ever since.

2. On May 10, 2006, Harrison was arraigned in this matter and entered a plea of not guilty. Simultaneously, the Court granted the government's motion to unseal the indictment as to Harrison.

3. Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy (70) days after arraignment and publication of the indictment. 18 U.S.C. § 3161(c)(1).

4. On July 31, 2006, defendant Harrison filed pre-trial motions in this case.

5. She filed no other motions (with the exception of fee matters pertaining to the Criminal Justice Act) prior to the Court's March 1, 2007, deadline for filing motions *in limine*.

6. Pursuant to local rules for the District of Delaware, motions must be argued within ten (10) days of filing, unless an evidentiary hearing must be held, in which case the hearing must be held within ninety (90) days of filing. L.R. Crim. Pro. 5. That deadline expired on October 29, 2007.

7. Pursuant to the Speedy Trial Act, the time that may be excluded for pendency of a motion is capped at thirty (30) days. 18 U.S.C. § 3161(h)(1)(J).

8. Harrison has never asked for a continuance of trial.

9. The time for bringing Harrison to trial in this matter has long since expired.

10. Pursuant to the Speedy Trial Act, the remedy for violation is dismissal of the case. 18 U.S.C. § 3162(a)(2).

11. Harrison has suffered substantial prejudice due to her incarceration, including separation from her young son and miscarriage of pregnancy.

12. As the government acknowledges, the remedy for violation of the Sixth Amendment right to a speedy trial is dismissal of the case. *Strunk v. United States*, 412 U.S. 434, 440 (1973).

WHEREFORE, for the reasons stated above, defendant Ashley Harrison respectfully requests that the Court dismiss the case against her.

Respectfully submitted,

Johanna E. Markind, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT ASHLEY HARRISON'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT & VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL**

FACTS

Harrison was arrested in May, 2006, and has been incarcerated ever since. As a result she has been separated from her young son, of whom she had custody. She was pregnant when arrested but suffered a miscarriage while incarcerated.

On May 10, 2006, Harrison was arraigned on the charges in this matter and entered a plea of not guilty. Simultaneously, the Court granted the government's motion to unseal the indictment as to Harrison.

On July 31, 2006, defendant Harrison filed pre-trial motions in this case. The government filed no response until November 17, 2006. Harrison filed a reply brief on November 30, 2006.

On January 9, 2007, the Court held a hearing on Harrison's motions. The Court gave Harrison until January 23, 2007, to file a supplemental brief. Harrison elected not to file a supplemental brief and so informed the Court.

Harrison filed no other motions (with the exception of fee matters pertaining to the Criminal Justice Act) prior to the Court's March 1, 2007, deadline for filing motions *in limine*.

## ARGUMENT

### Requirements of Speedy Trial Act

Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy (70) days after arraignment and publication of the indictment. 18 U.S.C. § 3161(c)(1).

Pursuant to the Speedy Trial Act, the time that may be excluded for pendency of a motion is capped at thirty (30) days. 18 U.S.C. § 3161(h)(1)(J).

It is true that the Supreme Court has interpreted Section 3161(h)(1)(J) to exclude all time between the filing of the motion and the conclusion of the hearing. *United States v. Henderson*, 476 U.S. 321 (1986). Nevertheless, *Henderson* must be read in light of court rules pertaining to the scheduling of such arguments. Pursuant to local rules for the District of Delaware, motions must be argued within ten (10) days of filing, unless an evidentiary hearing must be held, in which case the hearing must be held within ninety (90) days of filing. L.R. Crim. Pro. 5. Thus, at the outside, the deadline for the hearing expired on October 29, 2007.

Harrison filed no new motions between October 29 and the Court's March 1, 2007, deadline for filing motions *in limine*. That period of time is well in excess of seventy (70) days. Hence, the time for bringing Harrison to trial in this matter has long since expired.

Pursuant to the Speedy Trial Act, the remedy for violation is dismissal of the case. 18 U.S.C. § 3162(a)(2).

### Sixth Amendment Right to Speedy Trial

As stated above, Harrison has been incarcerated for over a year, on a weak indictment charging her with a crime the government cannot prove. She filed pre-trial motions as directed on July 31, 2006, and motions *in limine* as directed on March 1, 2007, with nothing in between. She has never asked for a continuance of trial.

The ongoing delays in this matter, coupled with her incarceration and separation from her son, have greatly prejudiced Harrison by increasing her anxiety and concern over the outcome of the litigation. That anxiety was high to begin with, and contributed to (if not caused) her miscarriage. *Barker v. Wingo*, 407 U.S. 514, 532 (prejudice includes oppressive pretrial incarceration and anxiety and concern of the accused).

As stated above, she is not responsible for delaying her trial. The government tries to suggest that she is somehow to blame for delaying this case because she has zealously defended her rights, by filing motions on July 31, 2006, and March 1, 2007. On the contrary, such blame is more properly attributed to the government for failing to respond to her July 31, 2006, motions until November 17, 2006, a period of **109 days** – half again the length of time which the Speedy Trial Act deems sufficient for the entire adjudication!

The Constitution guarantees her the right to a speedy trial to adjudicate her guilt or innocence, which right has been grossly violated by continuing delays in this matter.

As the government acknowledges, the remedy for violation of the Sixth Amendment right to a speedy trial is dismissal of the case. *Strunk v. United States*, 412 U.S. 434, 440 (1973).

<h2 style="text-align:center">Conclusion</h2>

For the reasons stated above, defendant Ashley Harrison respectfully requests that the Court dismiss the case against her.

Respectfully submitted,

*/s/ Johanna E. Markind*
Johanna E. Markind, Esquire

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the foregoing document upon the following persons by United States first class mail, postage pre-paid, to:

    Douglas E. McCann, Esquire (AUSA)
    U. S. Attorney's Office
    The Nemours Building
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, DE  19899


Date: June 1, 2007

                                        Johanna E. Markind, Esquire
                                        1500 Walnut Street – Suite 1100
                                        Philadelphia, PA   19102
                                        (215) 546-2212

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-50 (GMS) |
| | : | |
| ASHLEY HARRISON | : | |

## ORDER

AND NOW, this ___ day of _____, 2007, upon consideration of defendant Ashley Harrison's motion to dismiss for violation of Speedy Trial Act and violation of Sixth Amendment right to speedy trial, it is hereby ORDERED that the motion is GRANTED. The above-captioned case is hereby dismissed as to defendant Harrison.

BY THE COURT:

_____
Honorable Gregory M. Sleet, U.S.D.J.