IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                          :

        Plaintiff,                                      :

                                :

        v.                                              : Criminal Action No. 06-50-06 GMS

                                :

ASHLEY N. HARRISON, a/k/a "Nikki,"      :

                                :

        Defendant                                       :

## UNITED STATES' RESPONSE TO DEFENDANT HARRISON'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT & FOR VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL

COMES NOW, the United States, by and through Colm F. Connolly, United States

Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney

for the District of Delaware, and hereby replies to defendant Ashley N. Harrison's Motion to

Dismiss for Violation of Speedy Trial Act & for Violation of the Sixth Amendment Right to

Speedy Trial. The Government respectfully requests that the Court deny the motion for the

reasons set forth below.

### Procedural Background

The Government respectfully refers the Court to the procedural history of this case set

forth in the Government's Response to Defendant Ashley Harrison's Supplemental Motion for

Severance and Motion for Speedy Trial, filed May 31, 2007. D.I. 178 (hereinafter "May 31

Response").

On June 4, 2007, the Government received a copy of the instant motion and

accompanying memorandum of law (dated June 1, 2007). In her application, Defendant asks that

the Court dismiss the Indictment against her because of alleged violations of the Speedy Trial

Act, 18 U.S.C. § 3161 *et seq.*, and for violations of the Speedy Trial Clause of the Sixth Amendment.

## Argument

### 1.    There Is No Violation of The Speedy Trial Act

The Government set forth the law relevant to the issues raised in the Defendant's application in its May 31, 2007, filing, which is incorporated herein by reference. In short, the Speedy Trial Act requires that a defendant's trial must begin within seventy non-excludable days of the date the defendant is indicted, or first appears in the District, whichever occurs last. *See* 18 U.S.C. § 3161(c)(1). The Defendant bears the burden of demonstrating that the Act has been violated, i.e., how seventy non-excludable days have passed since her Indictment. *See* 18 U.S.C. § 3162(a)(2).

In her present motion, Defendant Harrison only makes one argument regarding the Speedy Trial Act – that under the District of Delaware's "Time Limits and Procedures For Achieving Prompt Disposition of Criminal Cases," effective November 1, 1987 (hereinafter, the "District Plan"), the Court should have held argument or a hearing on her motions within ninety days of the filing of those motions, or by October 29, 2006. The Defendant then argues that she filed no motions between October 29, 2006 (the day she contends the Speedy Trial Act clock began to run), and March 1, 2007 (the day she filed a motion *in limine*) – a period that exceeds seventy days. The Defendant contends that 18 U.S.C. § 3161(h)(1)(J) governs exclusions for the pendency of pre-trial motions, and that that subsection limits excludable time while a motion is pending to thirty days.

The Defendant ignores a number of issues. First, at least two sections govern exclusions

for pending motions - section 3161(h)(1)(F) and section 3161(h)(1)(J).[1]  Subsection F excludes

the entire period of time from the filing of the motion, until the period of time when the Court

has all the information it needs to decide the motion. *See Felton*, 811 F.2d at 195.  Subsection J,

by contrast, only pertains to the time (logically following the completion of submissions covered

by subsection F) when the matter is actually under advisement by the Court. *See* 18 U.S.C. §

3161(h)(1)(J).  Although subsection J does identify a thirty day "under advisement" period, the

Third Circuit has left open the possibility that the thirty day period could be extended where (as

is the case here) multiple motions have been filed. *Felton*, 811 F.2d at 197.  In this case, as the

government observed in its May 31 Response, the Court did not receive everything it expected to

receive in order to decide Defendant Harrison's numerous motions until *after* the January 9,

2007, oral argument, and, specifically with respect to the Defendant's original motion to sever,

until after the Defendant advised the Court on January 25, 2007, that she had nothing to add.

Thus, as set forth in the May 31 Response, all the time from July 31, 2006, until February 25,

2007 (applying both subsection F, and then the most restrictive (i.e. thirty day) exclusion under

subsection J's "under advisement" tolling) is excluded by the Defendant's own litigation.  As the

Defendant concedes, she also filed a number of additional motions beginning March 1 (four days

after February 25, 2007), all of which exclude time under subsection F, and a number of which

are still pending.  Thus, if the Court considers *only* exclusions attributable to Defendant Harrison

(which it should not), at most, three days of non-excludable time (February 26, 27 and 28) have

elapsed.

---

[1]The "interests of justice exception" can also be used to exclude time for pending
motions. *See United States v. Felton*, 811 F.2d 190, 197, n.7 (3d Cir. 1987).  In addition,
reasonable delays attributable to co-defendants are also excluded under 18 U.S.C. § 3161(h)(7).

In addition, while the Defendant bears the burden of demonstrating a Speedy Trial Act violation, she makes no argument about other exclusions that are in the record of this case, such as: (a) the appearance of Defendant Eaton on October 17, 2006, *see Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986) (finding that Speedy Trial Act clock begins on the date of last co-defendant's arraignment because "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant"); (b) the various interests of justice exclusions put in place by the Court; or (c) the exclusions applied because of motions filed by other parties. For example, she does not discuss any of the following other exclusions:

- August 4, 2006, until August 10, 2006 - motion by Defendant Brown for extension of time to file pre-trial motions. *See* 18 U.S.C. § 3161(h)(1)(F) and (h)(7).

- August 10, 2006, until September 25, 2006 – exclusion in the interests of justice to allow Defendant Brown more time to file pre-trial motions. *See* 18 U.S.C. § 3161(h)(7) and (h)(8).

- September 18, 2006, until at least January 9, 2007 – Defendant Harrison's supplemental motion for discovery. *See* 18 U.S.C. § 3161(h)(1)(F).

- October 4, 2006 – Defendant Robinson's letter requesting a continuance. *See* 18 U.S.C. § 3161(h)(1)(F) and (h)(7); *United States v. Arbelaez*, 7 F.3d 344, 348 (3d Cir.1993) (letter request for a continuance filed by a co-defendant sufficient to exlude time).

- October 20, 2006, until December 21, 2006 – Court excluded time in the interests of justice to allow Defendant Eaton time to prepare and file pre-trial motions. *See* 18 U.S.C. § 3161(h)(7) and (h)(8).

- November 3, 2006, until December 1, 2006 – Court excluded time in the interests of

justice and set a scheduling conference. *See* 18 U.S.C. § 3161(h)(8).

- December 6, 2006, until April 9, 2007 – Court excluded time in the interests of justice and set trial. *See* 18 U.S.C. § 3161(h)(8).

- December 21, 2006, until January 9, 2007 – pre-trial motions filed by Defendant Eaton. *See* 18 U.S.C. § 3161(h)(1)(F) and (h)(7).

- January 10, 2007, until April 23, 2007 – Defendant Brown's motion to suppress the wiretap. *See* 18 U.S.C. § 3161(h)(1)(F) and (h)(7).

- March 1, 2007, until the present – Defendant Harrison's motion in limine. *See* 18 U.S.C. § 3161(h)(1)(F).

- March 26, 2007, until May 14, 2007 – the Court excluded time in the interests of justice and set a new trial date. *See* 18 U.S.C. § 3161(h)(8).

The above list is not exhaustive and does not include motions filed by the Government, or the extensive motion practice by all parties following March 1, 2007. In addition, as the Government noted in its May 31, 2007, brief, until the cancellation of the May 14, 2007, trial, Defendant Harrison never objected to any continuance, nor raised any Speedy Trial Act concerns with the Court. In short, the Defendant has not – and cannot – demonstrate a violation of the Speedy Trial Act, and a dismissal is not warranted.

## 2.    There Is No Violation of the Speedy Trial Clause

As the Government noted in its May 31 Response, in determining whether the Sixth Amendment right to a speedy trial has been violated, the Court should weigh the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 531-33 (1972); *Hakeem v. Beyer*, 990 F.2d 750, 759

(3d Cir. 1993). Also, while a defendant may establish a violation of the Speedy Trial Act by demonstrating that more than seventy days of non-excludable time has elapsed, the burden on proving a constitutional claim is plainly higher, because the defendant cannot merely point mechanically to the passage of a statutorily set number of days, but must come forward with evidence that satisfy the *Barker* factors. In the May 31 Response, the Government set out its *Barker* analysis, and will not re-state it here. Rather, the Government will only address the factors cited by the Defendant in her papers.

On the last *Barker* factor, prejudice, the Defendant argues that she has suffered anxiety and concern over the outcome of this litigation, and has also suffered from the separation from her son. She also argues that the anxiety and concern over this case may have caused a miscarriage. Keeping in mind that the Defendant bears the burden of proof, the Government notes that there is no evidence in the record before the Court that the Defendant was pregnant or suffered a miscarriage. There is no evidence in the record to support a conclusion that anxiety over this case caused a miscarriage. There is no evidence in the record to support a conclusion that lack of pre-natal care at the prison caused a miscarriage. There is no evidence in the record to support a conclusion that the Defendant is otherwise exposed to substandard conditions in prison.

With regard to the *Barker* factor concerning the assertion of the right to a speedy trial, the Defendant offers no explanation as to why she did not raise speedy trial concerns sooner. Finally, with regard to the *Barker* factors concerning the length of the delay and the reason for the delay, the Defendant argues that it has not been her litigation that caused the delay. Rather, she faults the Government for not responding to her July 31, 2006, motions until November 17,

2006. As the Government explained in the May 31 Response, it waited until September 27, 2006 (two days after the date Defendant Brown's motions were due) before approaching the Court to set a briefing schedule on pending motions. The Government believed that Defendant Brown might join in some of Defendant Harrison's motions, or that Defendant Harrison might join in some of Defendant Brown's motions, and that a single response was preferable to a piecemeal response. Also, the Government notes that section 5(d)(4) and (5) of the District Plan state that written briefing is not required unless ordered by the Court. In addition, Defendant Harrison never asked at the time that the Court set an earlier schedule because of any speedy trial concerns – indeed, it was the Government that sought a scheduling conference on September 27 – not Defendant Harrison.

WHEREFORE, the government respectfully requests that the Court deny the Defendant's motion to dismiss.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _Dmgh E. McC_____

Douglas E. McCann
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19801

DATED:      June 4, 2007

## CERTIFICATE OF SERVICE

I, Douglas E. McCann, hereby certify that I caused the foregoing

## UNITED STATES' RESPONSE TO DEFENDANT HARRISON'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT & FOR VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL

to be served this 4th day of June, 2007, on the following counsel in the manner indicated.

BY CM/ECF

Jan A.T. van Amerongen, Jr., Esquire
Jan A.T. van Amerongen, LLC
Legal Arts Building
1225 King Street, Suite 301
Wilmington, DE 19801
(302) 656-8007
Fax: (302) 571-9915
Email: jatvalaw@aol.com

BY FIRST CLASS MAIL AND EMAIL

Johanna Markind, Esquire
1500 Walnut Street, Suite 1100
Philadelphia PA  19102
Jmarkind@att.net

_____
Douglas E. McCann