IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-50-06 GMS |
| ASHLEY N. HARRISON, a/k/a "Nikki," | : |
| Defendant | : |

### UNITED STATES' REPLY TO DEFENDANT HARRISON'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO ALLOW THE USE OF TAPED STATEMENTS

COMES NOW, the United States, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and hereby replies to defendant Ashley N. Harrison's Memorandum in Support of Defendant Ashley Harrison's Response in Opposition to the Government's Motion *in Limine* To Allow Use of Taped Statements (D.I. 169) as follows:

1.      In her response, the defendant argues that the government must lay a foundation for the admission of taped statements as co-conspirator statements using evidence that is itself admissible. The defendant lists three bulleted items she contends are not admissible and therefore not proper foundation evidence.

2.      The defendant first argues that the government may not introduce testimony from the undercover agent because he has not been identified. The defendant should be aware of the identity of the undercover agent, as she has been in possession (since May, 2006) of the numerous reports he wrote concerning his investigation. He used his own name in preparing the reports. The government does not intend to call as a witness at the trial the confidential source

who sometimes accompanied the undercover agent during the investigation.

3. Next, the defendant suggests that a co-defendant may not be mentally competent to testify at the trial about, among other things, a conversation he overheard between defendant Harrison and defendant Brown that is the subject of a pending motion *in limine* (D.I. 133, 141). The government notes that the Court found that co-defendant competent when accepting his guilty plea in this case.

4. Third, the defendant contends that the government had previously indicated at a January 9, 2007, hearing that it would not introduce co-defendant testimony that defendant Brown sometimes cooked crack at defendant Harrison's house. The government indicated at the January 9, 2007, hearing that it would not call a confidential source who had seen defendant Brown cook crack at defendant Harrison's house. That confidential source is not a co-defendant in this case.

5. Finally, the defendant contends that the government did not proffer any evidence independent of recorded co-conspirator statements and so did not satisfy its burden to establish the existence of the conspiracy, and the membership of the declarant and the defendant in the conspiracy. The government did provide such evidence, and will not re-state it here. *See* D.I. 156 at 12-17 (including Harrison's residency at 461 River Road, Brown's use of that residence as the location to meet with the undercover on January 12, 2006, and to attempt to sell drugs to the undercover on March 9, 2006, Harrison's question to Brown about drug use at the house (the subject of the pending motion *in limine*), Harrison's own admissions that Brown could run the house in exchange for money, and Harrison's own admission when she warned Brown that people were aware of his drug activity at her house). However, in making her argument, the

defendant appears to contend that the Court should not consider recorded statements by Harrison herself as independent evidence of her knowledge and participation in the conspiracy. In so doing, defendant Harrison appears to lump her own recorded statements into the same category as statements by her co-conspirators. D.I. 169 at 2. The admissibility of Harrison's own statements, of course, are governed by Rule 801(d)(2)(A) (admissions of a party opponent), and not 801(d)(2)(E) (co-conspirator statements). Therefore, they constitute evidence independent of co-conspirator statements at issue (i.e., any statements by Brown, Tatman, Eaton, Durham, Doe and/or Robinson) that the Court may review in determining the admissibility of those same co-conspirators statements (i.e. any statements Brown, Tatman, Eaton, Durham, Doe and/or Robinson) against defendant Harrison at trial.

WHEREFORE, the government respectfully requests that the Court grant the government's Motion *in Limine*.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/ Douglas E. McCann
Douglas E. McCann
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19801

DATED:     June 7, 2007

## CERTIFICATE OF SERVICE

I, Douglas E. McCann, hereby certify that I caused the foregoing

**UNITED STATES' REPLY TO DEFENDANT HARRISON'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO ALLOW THE USE OF TAPED STATEMENTS**

to be served this 7th day of June, 2007, on the following counsel in the manner indicated.

BY FACSIMILE AND FIRST CLASS MAIL

Johanna Markind, Esquire
1500 Walnut Street Suite 1100
Philadelphia, PA 19102

BY CM/ECF

Jan A.T. van Amerongen, Jr., Esquire
Legal Arts Building
1225 King Street, Suite 301
Wilmington, DE 19801
(302) 656-8007
Fax: (302) 571-9915
Email: jatvalaw@aol.com

Douglas E. McCann